Katherine C. Huibonhoa (SBN 207648)
Brandon Rainey (SBN 272341)
**DUANE MORRIS LLP**
260 Homer Avenue, Suite 202
Palo Alto, CA  94301-2777
Telephone: +1 650 847 4150
Fax: +1 650 847 4151
E-mail:   khuibonhoa@duanemorris.com
          brainey@duanemorris.com

Attorneys for Defendant
GOOGLE LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JALON HALL,<br><br>               Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>               Defendant. | Case No. 23-cv-06574-JST<br><br>**DEFENDANT GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF JALON HALL'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:     April 18, 2024<br>TIME:     2:00 p.m.<br>DEPT:    Courtroom 6<br><br>Complaint Filed: December 21, 2023<br>Trial Date: None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF (PRO SE):**

**PLEASE TAKE NOTICE** that, on April 18, 2024 at 2:00 p.m. in Courtroom 6 of this Court, located at 1301 Clay Street, Oakland, California, before the Honorable Jon S. Tigar, Defendant Google LLC ("Google"), by and through its counsel of record, will and hereby does move for an order dismissing Plaintiff Jalon Hall's Complaint in its entirety.

The Complaint lacks clarity, but appears to assert at least three, and possibly as many as five, claims against Google relating to her employment with the company. Regardless of the precise number, all of Plaintiff's claims are subject to dismissal for failure to state a claim for numerous reasons:

*First*, to the extent Plaintiff is alleging she was subjected to discrimination based on color, religion, sex and national origin, she did not exhaust her administrative remedies as to any such claims under Title VII and, therefore, may not pursue them before this Court.

*Second,* Plaintiff also may not pursue under the ADA (Claims I and II) claims as to which she did not exhaust her administrative remedies – including any claim arising after she filed her Charge on December 13, 2022.

*Third*, even as to any narrower ADA claim which Plaintiff properly exhausted, a claim alleging that she was discriminated against based on her disability *and* race (or based on her disability, race and gender) is not available to her under the ADA, which as a matter of law requires that disability be the "but for" cause of any discrimination under that statute. Similarly, in light of the Supreme Court's decision in *Comcast Corp. v. National Association of African American-Owned Media*, 589 U.S. __, 140 S. Ct. 1009 (2020), Plaintiff cannot pursue a claim based on her disability *and* race (or based on her disability, race and gender) under 42 U.S.C. § 1981. Rather, to be viable as a matter of claim, her claim under that statute must show that her race was the "but for" cause of any alleged discrimination.

*Fourth*, to the extent Plaintiff is attempting to allege a claim for race discrimination under The Americans With Disabilities Act ("ADA") or, conversely, for disability discrimination under Title VII of the Civil Rights Act of 1964, such claims are not viable under the express language of those statutes.

*Fifth*, any failure-to-accommodate claim relating to Plaintiff's first role with Google is untimely.

*Sixth*, to the extent Plaintiff is attempting to assert claims for race or disability discrimination under Title VII and the ADA, respectively, which are both administratively exhausted and timely brought, the Complaint is devoid of plausible factual support for such claims and thus fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8.

*Seventh*, to the extent Plaintiff invokes the Equal Pay Act in her request for relief, the Complaint offers no factual basis for a claim under that statute.

This grounds for this motion were explained to Plaintiff in comprehensive meet and confer correspondence on February 28, 2024.  (Declaration of Brandon Rainey ("Rainey Decl."), ¶ 2.) Google's counsel has not called Plaintiff, who is proceeding *pro se* in this action, due to Plaintiff's allegation that she is deaf.  (*Id.*)

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                    CASE NO.: 23-CV-06574-JST

1        This Motion is made pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) and is based on

2    this Notice, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of

3    Brandon Rainey, all other supporting papers and documents on file with the Court, the record in this

4    action, and any oral or documentary evidence as may be presented at the hearing.

5    Dated: March 5, 2024          **DUANE MORRIS LLP**

6

7                    By: _____

8                        BRANDON RAINEY
                    Attorneys for Defendant
                    GOOGLE LLC

## <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     SUMMARY OF PLAINTIFF'S ALLEGATIONS ......................................... 2

III.    ARGUMENT ..................................................................................................... 4

# TABLE OF AUTHORITIES

Page No.(s)

**Cases**

*Ajwani v. Hamni Bank*
   2016 WL 3901773 (C.D. Cal. July 18, 2016) ................................................................. 11

*Arora v. Nav Consulting, Inc.*
   2022 WL 7426211 (N.D. Ill. Oct. 13, 2022) .................................................................. 7

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) .......................................................................................... 2, 9, 11

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544 (2007) .......................................................................................... 2, 9, 11

*Borja-Valdes v. City & County of San Francisco*
   2015 WL 5522287 (N.D. Cal. Sept. 18, 2015) ...........................................................10-11

*Brazil v. United States Dep't of the Navy*
   66 F.3d 193 (9th Cir. 1995) ................................................................................. 9

*Cattoche v. United Airlines, Inc.*
   2022 WL 3702098 (N.D. Cal. Aug. 26, 2022) ............................................................. 10

*Cherosky v. Henderson*
   330 F.3d 1243 (9th Cir. 2003) ............................................................................... 6

*Comcast v. Nat'l Ass'n of African American-Owned Media*
   589 U.S. __, 140 S. Ct. 1009 (2020) ...................................................................... 7

*Estelle v. McHugh*
   2016 WL 4140819 (N.D. Cal. Aug. 4, 2016) ............................................................. 11

*Fried v. Wynn Las Vegas*
   18 F.4th 643 (9th Cir. 2021) ............................................................................... 10

*Frohm v. City & County of San Francisco*
   2023 WL 4828685 (N.D. Cal. July 27, 2023) .............................................................. 12

*Gross v. FBL Financial Services, Inc.*
   557 U.S. 167 (2009) .......................................................................................... 7

*Gunzenhauser v. Garland*
   2023 WL 2167387 (N.D. Cal. Feb. 21, 2023) ............................................................. 3

*Hawn v. Exec. Jet Mgmt.*
   615 F.3d 1151 (9th Cir. 2010) ............................................................................... 10

ii

1
2

### TABLE OF AUTHORITIES
#### (cont'd)

3

**Page No.(s)**

4

*Hurst v. City of Los Angeles*
    171 F. App'x 103 (9th Cir. 2006) .................................................................................... 5

5

*Leong v. Potter*
6
    347 F.3d 1117 (9th Cir. 2007) ....................................................................................... 1

7

*Lyons v. England*
    307 F.3d 1092 (9th Cir. 2002) ....................................................................................... 6
8

9

*Manatt v. Bank of Am.*
    339 F.3d 792 (9th Cir. 2023) ....................................................................................9-10

10

*Murray v. Mayo Clinic*
11
    934 F.3d 1101 (9th Cir. 2019) ....................................................................................... 7

12

*Nat'l R.R. Passenger Corp. v Morgan*
    536 U.S. 101 (2002) ...................................................................................................... 6
13

14

*Piccioli v. Plumbers Welfare Fund Local 130, U.S.*
    2020 WL 6063065 (N.D. Ill. Oct. 14, 2020) ............................................................... 7

15

*Shah v. Mt. Zion Hosp. & Med. Ctr.*
16
    642 F.2d 268 (9th Cir. 1981) ........................................................................................ 5

17

*Shea v. City & County of San Francisco*
    57 F. App'x 740 (9th Cir. 2003) ................................................................................... 9
18

19

*United States v. Corinthian Colleges*
    655 F.3d 984 (9th Cir. 2011) ........................................................................................ 3

20

**Statutes**

21

42 U.S.C. § 1981 ................................................................................................................ 1-3, 6-7

22

42 U.S.C. § 2000e-2 .................................................................................................................. 8
23

24

42 U.S.C. § 2000e-5(b) .............................................................................................................. 1

25

42 U.S.C. § 2000e-5(e)(1) .......................................................................................................... 9

26

42 U.S.C. § 12101 .................................................................................................................. 5, 8

27

42 U.S.C. § 12112 ...................................................................................................................... 2

28

42 U.S.C. § 12112(a) ................................................................................................................. 6

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF       CASE NO.: 23-CV-06574-JST

## <u>TABLE OF AUTHORITIES</u>
**(cont'd)**

**Page No.(s)**

42 U.S.C. § 12117.................................................................................................................3

42 U.S.C. § 12117(a).....................................................................................................1, 9

**Other Authorities**

Fed. R. Civ. P. 8(a)(2)..........................................................................................................9

Fed. R. Civ. P. 10(b)..........................................................................................................12

Fed. Rule 8........................................................................................................................11

Fed. Rule 12(b)(6)................................................................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On December 13, 2022, Plaintiff Jalon Hall, a current employee of Defendant Google LLC, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing (the "Charge"), asserting that Google had discriminated against her based on her disability and race. She also asserted a claim for retaliation. The EEOC issued its Determination and Notice of Right to Sue on September 26, 2023. (ECF 1, Compl. ¶ 9 and attachment thereto.) Plaintiff filed her Complaint in this action on December 21, 2023. (ECF 1.)

The Complaint identifies three specific Claims. Claims I and II both are brought pursuant to The Americans With Disabilities Act ("ADA"), with Claim I appearing to assert a claim for disability discrimination in connection with a purported failure to promote and Claim II appearing to assert a claim for failure to accommodate. Claim III is brought pursuant to 42 U.S.C. § 1981. In addition to these three specifically identified Claims, the Complaint contains references to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Equal Pay Act.

Plaintiff's Section 1981 claim and any Equal Pay Act claim, to the extent the Complaint is attempting to assert one, are not subject to an administrative exhaustion requirement. However, Plaintiff was required to exhaust her administrative remedies as to her ADA claims, as well as any Title VII claim she is attempting to assert. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(b).  Accordingly, her ability to proceed on these claims in this Court is dependent on the scope of her Charge. *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2007).

The Charge, which Plaintiff references without attaching to her Complaint, consisted of just one paragraph. Apart from a single reference to one white Google employee, the Charge was devoid of any factual allegations tending to support the asserted claim of race discrimination. Similarly, the Charge offered no factual basis for the asserted retaliation claim. Rather, the Charge focused almost entirely on Plaintiff's claim of disability discrimination, including an alleged failure to accommodate. In particular, Plaintiff seemed to take issue with a role change in July 2021, suggesting it was tied to a failure to provide her "interpreter accommodations." The Charge also complained of a lack of training but did not offer any explanation as to how any lack of training was tied to Plaintiff's disability. The Charge also

1

asserts that Plaintiff was "aware" two other non-disabled employees in different roles had been "provided promotion opportunity" that she had not, but did not offer any explanation as to why those two employees should be considered comparators or even offer any further insight into what was meant by "promotion opportunity." The Charge did not allege that Plaintiff had ever sought and been denied a promotion (let alone a promotion for which she was qualified). And it included in the list of "accommodations" allegedly not provided several ordinary workplace requests that might have been made by *any* employee, regardless of disability, such as a request for clarification of Plaintiff's role level and a further explanation of her performance review ratings.

The Complaint significantly exceeds the scope of the Charge. To start, the Complaint references theories of discrimination – color, religion, sex, and national origin – never mentioned before the EEOC. The Complaint also invokes events that allegedly occurred after the date of the Charge. Having failed to exhaust such claims before the EEOC, Plaintiff may not proceed on them here. Moreover, even as to those claims which reasonably can be deemed exhausted or which were not subject to an exhaustion requirement, the Complaint is legally deficient. Both the ADA and Section 1981 require "but for" causation. Accordingly, Plaintiff cannot proceed under either statute on claims that rest on her status as a Black Deaf person (or, as the Complaint suggests in some places, her status as a Black Deaf woman). Nor can Plaintiff allege race discrimination under the ADA or disability discrimination under Title VII. Plaintiff also cannot proceed on any claim arising out of an alleged failure to accommodate in her first role at Google because that claim was not timely brought to the EEOC. And, finally, none of Plaintiff's remaining claims are supported by sufficient factual allegations as required to satisfy the requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

For all of these reasons, the Complaint should be dismissed in its entirety.

## II.    SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff filed her Complaint with this Court on December 21, 2023. (ECF 1.) Defendant was served with the Complaint on February 13, 2024. (ECF 10.) Although the Complaint utilizes this Court's form Employment Discrimination Complaint, it also includes three inserted pages, all apparently part of Paragraph 6 and yet asserting three separately identified claims, as well as a request for relief. "Claim I" alleges a violation of Section 102 of the ADA, 42 U.S.C. § 12112; "Claim II" alleges a violation of

1  Section 107 of the ADA, 42 U.S.C. § 12117; and "Claim III" alleges a violation of 42 U.S.C. § 1981.[1] In

2  addition, the Complaint includes references to Title VII and the Equal Pay Act, although it does not

3  identify any "Claim," as such, brought under either statute. And, finally, although Claims I and II are

4  explicitly and exclusively brought pursuant to the *ADA*, the Complaint asserts in each that Google

5  violated Plaintiff's "rights to be free from employment discrimination based on *race, color, religion, sex*

6  *and national origin*." (Compl. at ¶ 6, pp. 3:13-14, 3:28-4:2, emphasis added.[2])

7          As to the factual allegations underlying these Claims, although the Complaint diverges from the

8  Charge in some respects, it echoes her Charge in others. (Rainey Decl., Ex. 1.)[3] As such, taking the

9  Charge as the starting point, it alleged that:

10      • Plaintiff started working for Google on or around October 2, 2020;

11      • Google was aware of Plaintiff's disability from the start of her employment[4];

12

---

13  [1] The insertion of these pages complicates citation to the Complaint. Citing to all three pages simply as
   Paragraph 6 would not offer much in the way of guidance to the relevant text. As the inserted pages are

14  not numbered and are inserted between pages 2 and 3 of the form complaint, they also are not readily
   identifiable by page number. For purposes of this Motion, Google will cite to the pages of the Complaint

15  in numerical order, without regard to the pre-printed page numbers of the form complaint, such that the
   first inserted page of text will be referred to as page 3, the second inserted page will be referred to as

16  page 4, the third inserted page will be referred to as page 5, and page 3 of the form complaint will be
   referred to as page 6. Google will use these page and line numbers in addition to the paragraph numbers

17  when referring to the text inserted into Paragraph 6. Otherwise, where possible, Google will simply cite
   to the relevant paragraph numbers of the Complaint.

18

19  [2] *See* n. 1, *supra*.

20

21  [3] The Complaint does not attach the Charge as an exhibit; however, it pleads that Plaintiff filed a charge
   (Compl. ¶ 8) and attaches the EEOC's Determination and Notice of Rights dated September 26, 2023

22  disposing of the Charge. As the Charge is both a public record of which this Court may take judicial
   notice and integral to the Complaint insofar as Plaintiff is pursuing claims she was required to

23  administratively exhaust under either or both Title VII and the ADA, this Court may consider it without
   converting this Motion to a motion for summary judgment. *See, e.g., United States v. Corinthian*

24  *Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) ("We may . . . consider [on a Rule 12(b)(6) motion] . . . .
   unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the

25  document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity
   of the document."); *Gunzenhauser v. Garland*, No. 22-cv-03406-WHO, 2023 WL 2167387, at *4 (N.D.

26  Cal. Feb. 21, 2023) (taking judicial notice on motion to dismiss of "records from Gunzenhauser's
   administrative proceedings with the EEOC").

27

28  [4] The Charge never actually identified Plaintiff's disability but, as she noted, Google has been aware of
   her hearing impairment since the start of her employment.

---

3

- Plaintiff changed roles on July 25, 2021 due to Google's failure to provide her with "interpreter accommodations";
- Plaintiff's supervisor in her new role was also Black, but nondisabled;
- Plaintiff disagreed with the amount of training she was provided for her new role as a research analyst;
- Google provided two other employees – one white and nondisabled; one Black and nondisabled – with "promotion opportunities";
- Plaintiff self-assessed her work as "excellent," but Google evaluated her performance under what she contended was an incorrect set of performance expectations; and
- As of December 13, 2022 (the date the Charge was filed), Google had not responded to Plaintiff's request for certain "accommodations," including for a written "recap" of certain meetings, clarification on her role level, the "reason for receiving the same rating each quarter," and the "reasons for not receiving promotional opportunities."

Notably, the Charge did not identify a single statement by anyone at Google referring to either her race or disability. The Complaint, on the other hand, does allege that in 2021 in some "interaction" with Plaintiff an unnamed Google employee referred to her as an "aggressive black deaf woman." (Compl. ¶ 6, p. 4:10-11.) The Complaint also now alleges that certain subjective "nonverbal" conduct by Plaintiff's supervisor, including eye-rolling and "dismissive body language," contributed to a hostile work environment. (*Id.* ¶ 6, p. 4:16-17.) The Complaint does not, though, add any meaningful factual detail to the Charge in terms of any promotion(s) Plaintiff may have lost out on (or why she believes any such losses were discriminatory), opportunities she believes were offered to others and/or denied to her unfairly, or the "lack of accommodations" Plaintiff contends she has experienced during her employment. (*Id.* at ¶ 6, p. 3:3-4.)

## III.   ARGUMENT

### A.   Plaintiff's Claims for Discrimination Based On Color, Religion, Sex and National Origin Should Be Dismissed For Failure To Exhaust Administrative Remedies.

As set out above, Plaintiff filed her Charge on December 13, 2022, complaining of discrimination based on disability and race, as well as retaliation. (Rainey Decl., Ex. 1.) The Charge

4

made no reference to Plaintiff's color, religion, sex or national origin. Both Claims I and II of the Complaint, however, assert that Plaintiff was subjected to discrimination on these bases. (Compl. at ¶ 6, pp. 3-4.) One problem here is that Claims I and II are brought pursuant to the *ADA*, 42 U.S.C. § 12101, *et seq.*, which prohibits discrimination solely on the basis of disability. But even if one assumes the Complaint intends such claims to be asserted under Title VII – which does prohibit discrimination on these bases – they would still fail because Plaintiff did not exhaust her administrative remedies as to any purported discrimination based on color, religion, sex or national origin. *See, e.g., Hurst v. City of Los Angeles*, 171 F. App'x 103, 104 (9th Cir. 2006) ("Before bringing a civil action under Title VII . . . a plaintiff must have timely filed an administrative charge with the EEOC . . . ."). Indeed, not only did the Charge fail to expressly invoke Title VII on the basis of color, religion, sex or national origin, it did not even mention those characteristics. As such, Plaintiff failed to exhaust any such claims and may not proceed on them now in this Court. *See, e.g., id.* (finding that "district court properly determined that it lacked subject matter jurisdiction" over plaintiff's race discrimination claim where EEOC charge asserted discrimination based on ethnicity); *Shah v. Mt. Zion Hosp. & Med. Ctr.*, 642 F.2d 268, 271 (9th Cir. 1981) ("Prior to instituting suit, Shah filed an EEOC complaint alleging sex and national origin discrimination. At trial Shah attempted to expand his Title VII action to include race, color and religious discrimination. The district court lacked subject matter jurisdiction over these additional claims because Shah failed to raise them before the EEOC.").

### B. Any Claims Arising From A Failure To Promote Or Failure To Accommodate Occurring After December 13, 2022 Should Be Dismissed For Failure To Exhaust Administrative Remedies.

The Complaint alleges that Plaintiff "filed charges with the Federal Equal Employment Opportunity Commission (or the California Department of Fair Employment and Housing) regarding defendant's alleged discriminatory conduct on or about 12/12/2022."[5] (Compl. at ¶ 8.) The Complaint, however, also alleges that Plaintiff was subjected to alleged discrimination between 2021 and *2023*. (*Id.* ¶ 7.) In particular, the Complaint alleges Plaintiff was "held back, remaining on the same level of the ladder for the past 3 years and 3 months with no growth opportunity" (*id.* at 3:1-3) and "blocked . . .

---

[5] Although Plaintiff alleges she filed her Charge on or about December 12, it is dated December 13, 2022. (Rainey Decl., Ex. 1.)

from having equal employment opportunities as of September 2023" (*id.* at 3:8-9). Reading the Complaint with the benefit of inference, these allegations suggest Plaintiff believes she was denied a promotion (or promotions) on some discriminatory basis. As a matter of pure chronology, though, Plaintiff cannot have complained on December 13, 2022 about any denial of a promotion that had yet to occur. Nor can any (alleged) denial of a promotion which had yet to occur be sufficiently related to Plaintiff's Charge that it should be considered within its scope. As a matter of law, the denial of a promotion is a discrete act subject to its own limitations period for filing a charge. *See, e.g., Nat'l R.R. Passenger Corp. v Morgan*, 536 U.S. 101, 114 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination . . . constitutes a separate actionable 'unlawful employment practice.' [A plaintiff] can only file a charge to cover discrete acts that 'occurred' within the appropriate time period."); *Lyons v. England*, 307 F.3d 1092, 1108 (9th Cir. 2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred."). Accordingly, any claim for discrimination arising the alleged denial of a promotion occurring after December 13, 2022 is required to be the subject of a separate charge. Similarly, to the extent Plaintiff is alleging that Google failed to provide her with any accommodation requested after December 13, 2022, that too is required to be the subject of a separate charge. *Cf. Cherosky v. Henderson*, 330 F.3d 1243, 1248 (9th Cir. 2003) (holding that each denial of requested accommodation was "a discrete act of alleged discrimination" under Rehabilitation Act). As no such charge has been filed, Plaintiff has not administratively exhausted claims relating to any failure to promote, failure to provide reasonable accommodation, or other discrete act occurring after December 13, 2022, and should not be permitted to proceed on any such claim.

### C. Plaintiff May Not Proceed Under Either The ADA Or Section 1981 On Claims Alleging Discrimination On The Basis Of Race, Disability And/Or Gender.

#### 1. Because the ADA requires "but for" causation, Plaintiff cannot proceed on any claim alleging discrimination against her as an "African American Deaf female."

Title I of the ADA requires a plaintiff to show discrimination "on the basis of disability." 42 U.S.C. § 12112(a). In 2019, the Ninth Circuit Court of Appeals held that, in light of the Supreme

Court's decision in *Gross v. FBL Financial Services, Inc.*, "the phrase 'on the basis of disability' indicates but-for causation." *Murray v. Mayo Clinic*, 934 F.3d 1101, 1106 (9th Cir. 2019) (citing *Gross*, 557 U.S. 167 (2009)). Accordingly, it is no longer sufficient for a plaintiff alleging disability discrimination to show that their disability was *a motivating factor* behind some adverse employment action. Therefore, just as after *Gross* the Age Discrimination in Employment Act does not permit claims alleging discrimination based on age combined with some other factor, after *Murray*, the ADA likewise does not permit claims alleging discrimination based on disability combined with some other factor. 934 F.3d at 1106. And, therefore, to the extent Plaintiff is attempting to pursue under the ADA any claims based on her status as an "African American Deaf female" (Compl. ¶ 6, p. 3:17), including but not limited to in Claim II of the Complaint, such a claim should be dismissed.

### 2. Because Section 1981 requires "but for" causation, Plaintiff cannot proceed on any claim alleging discrimination against her as a "Black Deaf" employee or "black deaf woman."

Just as a plaintiff must prove that their disability was the "but for" cause of any discrimination to succeed on claims brought under the ADA (*see* Section III.C.1, *supra*), they must prove that race was the "but for" cause of any discrimination claim brought under Section 1981. In *Comcast v. Nat'l Ass'n of African American-Owned Media*, 589 U.S. __, 140 S. Ct. 1009, 1019 (2020), the Supreme Court held that to prevail on a Section 1981 claim, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." This standard bars Plaintiff from proceeding under Section 1981 on a claim predicated on her status as a Black Deaf person (or as a Black Deaf woman). *See, e.g., Arora v. Nav Consulting, Inc.*, No. 21 C 4443, 2022 WL 7426211, *2 (N.D. Ill. Oct. 13, 2022) ("Because Arora pleads not only race but also his ethnicity and national origin as the cause of Defendants' discrimination, his Section 1981 claim fails as a matter of law [after *Comcast*]."); *Piccioli v. Plumbers Welfare Fund Local 130, U.S.*, No. 19-cv-00586, 2020 WL 6063065, at *6 (N.D. Ill. Oct. 14, 2020) ("[A] plaintiff cannot survive a motion to dismiss upon a showing that racial discrimination was one factor among many in a defendant's decision. Racial discrimination must be the determining factor."). As the Complaint's Section 1981 claim clearly focuses not on Plaintiff's race alone but on her disability (and perhaps even her gender) in combination with her race, it fails to state a claim and should be dismissed.

1

2

**D.    Any Claims For Race Discrimination Brought Under The ADA Or For Disability Discrimination Brought Under Title VII Should Be Dismissed For Failure To State A Claim.**

3

As set forth above, Claims I and II of the Complaint are expressly brought pursuant to the ADA;

4

however, both assert that Plaintiff was discriminated against on multiple grounds *other than disability* –

5

specifically, "race, color, religion, sex and national origin." (Compl. ¶ 6, pp. 3-4.) Of those bases, only

6

race was mentioned in the Charge and, as such, the others fail for lack of administrative exhaustion. (*See*

7

Section III.A, *supra*.) However, the fact that Plaintiff administratively exhausted a race discrimination

8

claim brought pursuant to Title VII does not allow her to pursue a claim of race discrimination under the

9

ADA. There is no statutory basis for a claim of race discrimination under the ADA. *See generally* 42

10

U.S.C. § 12101, *et seq.* Therefore, any such claim should be dismissed.

11

Conversely, although it is not entirely clear if the Complaint is asserting a claim under Title VII

12

at all (as it is not one of the three specifically enumerated "Claims"), the Complaint does reference Title

13

VII in Paragraph 4 and both race and disability discrimination immediately thereafter in Paragraph 5.

14

But just as Plaintiff cannot sue for race discrimination under the ADA, she cannot sue for disability

15

discrimination under Title VII. *See* 42 U.S.C. § 2000e-2. Any such claim should be dismissed.

16

17

**E.    The Claim That Plaintiff Was Denied A Reasonable Accommodation In Her First Role At Google Is Time-Barred.**

18

In both the Charge and Complaint, Plaintiff takes issue with what she variously refers to as a

19

failure to provide "interpreter accommodations" (Charge, Rainey Decl., Ex. 1) or the "removal of her

20

sign language interpreters" (Compl. ¶ 6, p. 3:24). However described, though, both the Charge and

21

Complaint are clear that this interpreter issue arose in connection with Plaintiff's first role with Google,

22

as a content moderation specialist. (*Id.*) Further, the Charge clearly states that Plaintiff moved into her

23

current role on July 25, 2021. (Charge, Rainey Decl., Ex. 1) In other words, to the extent that the

24

allegation is a failure to accommodate due to some lack of interpreter support in Plaintiff's first role, any

25

such claim necessarily arose *no later than* July 25, 2021, when Plaintiff left that role.

26

As set out above, Plaintiff filed her Charge on December 13, 2022 – more than 500 days after

27

leaving her first role as content moderation specialist. Because Plaintiff did not file her Charge within

28

300 days of the failure to accommodate she alleges required her to leave that role, this claim is time-

barred. 42 U.S.C. §§ 12117(a), 2000e-5(e)(1) (requiring filing within, as applicable, 180 or 300 days);
*see also, e.g., Shea v. City & County of San Francisco*, 57 F. App'x 740, 741-42 (9th Cir. 2003) (finding
ADA discrimination claim, including alleged failure to provide accommodation, time-barred where
Plaintiff "did not file . . . an administrative charge with the EEOC within 300 days of this allegedly
unlawful conduct"). The failure to accommodate claim as set out in Claim II should be dismissed.

### F.   Plaintiff's Remaining Claims Should Be Dismissed For Failure To State A Claim.

#### 1.   Any remaining claim for race discrimination brought under Title VII should be dismissed for failure to state a claim.

A properly pleaded complaint must provide "a short and plain statement of the claim showing
that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8's "short and plain
statement" does not demand *detailed* factual allegations, it is equally well-settled that "labels and
conclusions" are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "[f]actual
allegations must be enough to rise above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S.
544, 555 (2007). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter
that it states a claim for relief which is "plausible on its face." *Iqbal*, 556 U.S. at 678. The Complaint
fails to meet this standard to the extent it asserts a claim for race discrimination under Title VII.[6]

In their entirety, the *factual* allegations of the Complaint underlying the claim of race
discrimination appear to consist of a single comment made by an unnamed employee in 2021, allegedly
referring to Plaintiff as an "aggressive black deaf woman," certain "nonverbal cues" in or around
November 2022 from Plaintiff's supervisor, who is also Black, and the alleged exclusion (presumably
by Google) of National Black Deaf Advocates from a certain (presumably work related) event. (Compl.
¶ 6, p. 4:10-11, 4:28-5:2; Rainey Decl., Ex. 1.) This is not remotely sufficient to make out a hostile work
environment claim, which requires physical or verbal conduct severe or pervasive enough that it alters
the conditions of employment and creates an abusive work environment. *Manatt v. Bank of Am.*, 339
F.3d 792, 798 (9th Cir. 2023). Even where both the plaintiff's coworkers *and* supervisor had directed

---

[6] Although a *pro se* plaintiff is entitled to a certain amount of leeway from the Court in the construction
and interpretation of their pleading, they are not excused from the requirements of the Federal Rules.
*See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see also* Civil L.R.
3-9(a).

1   "racially insensitive 'humor'" at the plaintiff on occasion, the Ninth Circuit in *Manatt* affirmed the

2   district court's grant of summary judgment to the defendant. *See id.*; *see also, e.g., Fried v. Wynn Las*

3   *Vegas*, 18 F.4th 643, 648 (9th Cir. 2021) (holding that district court properly found coworker comments

4   on two occasions insufficiently severe or pervasive to support a hostile work environment claim).

5   Although this is not summary judgment and the Complaint need not plead a *prima facie* case to survive

6   a motion to dismiss, it "must plead enough facts to state a claim for relief that is plausible on its face."

7   *Borja-Valdes v. City & County of San Francisco*, No. 3:14-cv-04168-CRB, 2015 WL 5522287, at *3

8   (N.D. Cal. Sept. 18, 2015). Even accepting them as true, the allegations here do not rise to that level.

9   Any Title VII hostile work environment claim should be dismissed.

10          The Complaint also does not adequately allege any adverse employment action that Plaintiff

11  contends was made on the basis of her race or plead facts tending to show either that similarly situated

12  individuals of another race were treated more favorably or that an inference of discrimination as to any

13  adverse employment action would otherwise be warranted here – essential elements of any disparate

14  treatment claim Plaintiff may be attempting to pursue. *See, e.g., Hawn v. Exec. Jet Mgmt.*, 615 F.3d

15  1151, 1156 (9th Cir. 2010); *Cattoche v. United Airlines, Inc.*, No. 21-cv-01686-JD, 2022 WL 3702098,

16  at *1-2 (N.D. Cal. Aug. 26, 2022) (dismissing claims of race and gender discrimination resting on

17  "wholly conclusory" allegations that plaintiff "was 'treated less favorably'" than others). The

18  Complaint's Title VII claim (to the extent it is attempting to assert one), should be dismissed.

19                  **2.      Any remaining claim for disability discrimination should be dismissed for
                             failure to state a claim.**
20

21          As set out above, the Complaint's ADA claims are beset by multiple problems. To the extent the

22  Complaint attempts to assert claims arising out of discrete events, such as a failure to promote or failure

23  to accommodate, that occurred *after* the Charge was filed on December 13, 2022, any such claims are

24  not administratively exhausted and may not proceed for that reason. (*See* Sections IIIA, III.B, *supra*.) To

25  the extent the Complaint attempts to assert a claim arising out of an alleged failure to accommodate

26  Plaintiff in her first role with the company, that claim was not timely brought and may not proceed for

27  that reason. (*Id.*) To the extent the Complaint attempts to assert a claim arising out of conduct allegedly

28  aimed at Plaintiff because she is Black and Deaf (or possibly because she is Black and Deaf and a

woman), that claim fails because it cannot meet the "but for" causation requirement of the ADA. (*See* Section III.C, *supra*.) To the extent any ADA claim is left after this paring away, it is entirely unsupported by factual allegations and may not proceed for that reason.

Although the Complaint repeatedly takes issue with what Plaintiff considers a lack of opportunity (Compl. ¶ 6, p. 3:3, 3:9) and even goes so far as to allege that Plaintiff has been "passed up for promotion" (Compl. ¶ 6, p. 3:5), it does not actually identify a *single* job for which she applied, was qualified, and for which she was not selected. Nor does it plead any facts tending to show that promotions at Google were awarded on a non-competitive basis (a theory which might allow Plaintiff to avoid the requirement that she have applied for and been denied a position). *Cf. Ajwani v. Hamni Bank*, No. CV 14-2423 FMO (FFMx), 2016 WL 3901773, at *6-7 (C.D. Cal. July 18, 2016). Thus, even if timely brought, administratively exhausted and based solely on Plaintiff's disability, any "failure to promote" claim the Complaint may be attempting to assert under the ADA does not come close to satisfying the requirements of Federal Rule 8, *Iqbal* and *Twombly* that it state a claim for relief which is "plausible on its face."

Likewise, to the extent the Complaint is attempting to assert a failure to accommodate claim that arose before December 13, 2022 and is predicated on some basis other than an alleged lack of interpreter support in Plaintiff's first role with the company, it does not adequately identify the substance of any such request for accommodation, when Plaintiff made any such request, to whom Plaintiff made any such request, or why any requested accommodation was necessary in light of Plaintiff disability. *Cf. Estelle v. McHugh*, No. 15-cv-04898-MEJ, 2016 WL 4140819, at *6 (N.D. Cal. Aug. 4, 2016) (dismissing Rehabilitation Act claim where plaintiff failed to allege such facts). As such, the Complaint does not make out a failure to accommodate claim.

For these reasons, Claims I and II (even to the extent they are administratively exhausted and timely brought) do not "plead enough facts to state a claim for relief that is plausible on its face," *Borja-Valdes*, 2015 WL 5522287, at *3, and should be dismissed for this reason as well.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**G.     Any Claim Under The Equal Pay Act Should Be Dismissed For Failure to State A Claim.**

In the Request for Relief (Compl. ¶ 6, p. 5:12-26), in addition to references to the ADA and Title VII, the Complaint mentions the Equal Pay Act for the first time. Indeed, this is the only reference to pay in the Complaint. As such, it necessarily fails to plead sufficient factual allegations to make out an Equal Pay Act claim. *Cf. Frohm v. City & County of San Francisco*, No. 22-cv-06002-JST, 2023 WL 4828685, at *4 (N.D. Cal. July 27, 2023) (dismissing as insufficient Equal Pay Act claim that merely recited the elements of the claim and did not allege specific facts). Any such claim should be dismissed.

**IV.     CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint in its entirety. Further, should the Court grant Plaintiff leave to amend to represent any claims that are not barred as a matter of law, Defendant respectfully requests that Plaintiff be ordered to present the substance of any amended complaint in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," in adherence to Federal Rule of Civil Procedure 10(b).

Dated: March 5, 2024                    **DUANE MORRIS LLP**

By: _____
                    BRANDON RAINEY
                    Attorneys for Defendant
                    GOOGLE LLC