Katherine C. Huibonhoa (SBN 207648)
Brandon Rainey (SBN 272341)
Annabel Pollioni (SBN 350579)
**DUANE MORRIS LLP**
260 Homer Avenue, Suite 202
Palo Alto, CA  94301-2777
Telephone: +1 650 847 4150
Fax: +1 650 847 4151
E-mail:   khuibonhoa@duanemorris.com
          brainey@duanemorris.com
          apollioni@duanemorris.com


Attorneys for Defendant
GOOGLE LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JALON HALL,<br><br>                         Plaintiff,<br><br>        v.<br><br>GOOGLE LLC,<br><br>                         Defendant. | Case No.: 4:23-cv-06574-JST<br><br>**DEFENDANT GOOGLE LLC'S ANSWER TO COMPLAINT** |

Defendant Google LLC ("Defendant" or "Google"), by and through its attorneys, respectfully submits its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Jalon Hall ("Plaintiff").

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and on that basis denies those allegations.

2.      Defendant admits that its corporate headquarters are located at 1600 Amphitheater Parkway, Mountain View, CA 94043.

3.      Paragraph 3 contains a characterization of the Complaint and conclusions of law to which no response is required.  To the extent a response is required, Defendant admits jurisdiction is

proper in a United States District Court specifically as to claims brought pursuant to Title VII, 42 U.S.C. Section 2000e-5, but Defendant denies that the Northern District of California is the proper venue for this Action.  Defendant expressly denies that it committed any of the unlawful practices alleged in the Complaint.  Defendant also expressly denies that Plaintiff suffered any injuries from her employment relationship with Defendant, or that Plaintiff has a right to remedies of any kind.

4.      Paragraph 4 contains a characterization of the Complaint to which no response is required.  To the extent a response is required, Defendant admits that the Complaint alleges the indicated acts but expressly denies that any of the alleged acts in Paragraph 4 occurred.

5.      Paragraph 5 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that it discriminated against Plaintiff.

6.      **Claim I**: This paragraph contains legal conclusions to which no response is required; to the extent a response is required, Defendant denies that it committed any unlawful acts against Plaintiff.    Defendant admits that in July 2021, Defendant offered and Plaintiff accepted the position of Research Analyst.  Defendant also admits that at various points during Plaintiff's employment at Google, Plaintiff had contact with Google's People Operations team.  Defendant denies the remaining allegations of Paragraph 6, Claim I.

**Claim II**:  This paragraph contains legal conclusions to which no response is required; to the extent a response is required, Defendant denies that it committed any unlawful acts against Plaintiff. Defendant expressly denies Plaintiff's characterization of the circumstances concerning Plaintiff's alleged reasonable accommodations and change in position.  Defendant admits that Plaintiff is an African American Deaf Female, that Plaintiff worked as a Content Moderation Specialist from approximately October 5, 2020 through July 2021, and that in or around April 2021, Plaintiff's accommodation was modified because of legal risks associated with having interpreters view sensitive content.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, Claim II of the Complaint and on that basis denies those allegations.

**Claim III**: This paragraph contains legal conclusions to which no response is required; to the extent a response is required, Defendant denies that it committed any unlawful acts against Plaintiff.

Defendant expressly denies Plaintiff's characterization of the circumstances concerning Plaintiff's alleged interactions with Plaintiff's "current manager" and denies that Defendant has "limit[ed] the plaintiff access to professional development opportunities and not assigning [Plaintiff] to growing opportunity." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, Claim III of the Complaint and on that basis denies those allegations.

**Request for Relief**: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff seeks the relief stated but expressly denies that Plaintiff suffered employment discrimination, or suffered any injuries from her employment relationship with Defendant, or that Plaintiff has a right to remedies of any kind, including under the statutes described in Paragraph 6, Request for Relief.

7. Defendant denies the allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and on that basis denies those allegations, except Defendant admits that the Equal Employment Opportunity Commission issued a Notice of Right to Sue letter on September 26, 2023.

10. Paragraph 10 contains a characterization of the Complaint to which no response is required. To the extent a response is required, Defendant admits that in Paragraph 10 of the Complaint, Plaintiff demands a jury for all claims for which a jury is permitted.

11. Defendant expressly denies that Plaintiff is entitled to any injunctive orders, damages, costs, attorney fees, or any other relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant hereby asserts the following defenses and affirmative defenses to Plaintiff's claims, without assuming the burden of proof on any issue for which Plaintiff bears the burden of proof. Defendant further reserves the right to raise other defenses, affirmative or otherwise, that may become evident during discovery and during any other proceeding in this action. Defendant also reserves the right to amend and/or delete any affirmative defense in the event that discovery

ANSWER TO COMPLAINT                                                          23-CV-06574-JST

indicates it may be appropriate to do so.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

Plaintiff's Complaint fails to sufficiently state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

Plaintiff's Complaint and each cause of action alleged therein is barred in whole or in part, by the doctrines of laches, waiver, estoppel, unclean hands, estoppel, one who seeks equity must do equity, and unjust enrichment.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff is not entitled to recover the amount of damages from Defendant as alleged in the Complaint, or any damages, to the extent Plaintiff has failed to make reasonable efforts to mitigate or minimize the damages that Plaintiff has allegedly incurred.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiff is not entitled to any penalties or double damages because, at all times relevant and material herein, Defendant did not knowingly, intentionally, or willfully fail to comply with any provisions of applicable laws, but rather acted in good faith and had reasonable grounds for believing that it did not violate the law.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff's Complaint is barred, in whole or in part, by the failure to timely or otherwise exhaust all administrative remedies, and/or to perform all conditions precedent to suit, and/or to the extent it makes allegations or claims that do not reasonably fall within the scope of claims made in any administrative complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (All Acts Supported by Business Justifications)

4

At all times relevant to the acts alleged in the Complaint, Defendant acted in conformity with all applicable laws, rules, and regulations, and any actions taken with respect to Plaintiff were undertaken for legitimate, non-discriminatory and non-retaliatory business reasons.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Malice)

All decisions made by Defendant with respect to Plaintiff were made without malice, ill will, fraud, oppression or any other improper motive.

## EIGHTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

All or part of the claimed damages are tolled by the doctrine of after-acquired evidence.

## NINTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

Liability and damages are barred because Plaintiff did not request or require a reasonable accommodation that Plaintiff was allegedly not granted and, even if Plaintiff did, Plaintiff could not reasonably be accommodated and any claimed accommodation(s) would pose an undue hardship on Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Mixed Motives)

To the extent Plaintiff establishes that discrimination or retaliation was a substantial motivating factor in any decisions affecting Plaintiff's employment, which they were not, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because legitimate reasons, standing alone, would have induced Defendant to make the same employment decisions.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Equal Pay)

To the extent Plaintiff attempts to asserts claim(s) under the Equal Pay Act, Plaintiff's claim are barred, in whole or in part, because any differences in compensation resulted from (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; and/or (iv) a differential based on any other factor other than sex.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequence)**

Plaintiff's Complaint is barred, in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior, Plaintiffs unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or otherwise to avoid harm, and reasonable use of such opportunities would have prevented some if not all, of Plaintiff's alleged damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's complaint is barred in whole or in part by the applicable statutes of limitation.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

Plaintiff is not entitled to recover punitive or exemplary damages, and any allegations with respect thereto should be stricken, because punitive and exemplary damages are not awardable in this case, and any award of punitive damages in this action would violate Defendant's constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as other provisions of the United States Constitution and corresponding provisions of State Constitutions.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Good Policies Foreclose Punitive Damages)**

Plaintiff's claim for punitive damages is barred because at all times relevant to the Complaint, Defendant had in place policies to prevent discrimination, and retaliation and made good-faith efforts to implement and enforce those policies.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Improper Venue)**

Defendant asserts that the Northern District of California is not the correct federal court venue for this case because Plaintiff is based in Michigan, and other circumstances surrounding

Plaintiff's employment show that venue would be improper in the Northern District of California.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Preservation of Unknown Defenses)

Defendant currently has insufficient knowledge or information on which it may form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant hereby reserves the right to assert additional defenses in the event that discovery reveals that they would be appropriate.

## PRAYER

WHEREFORE, Defendant seeks judgment against Plaintiff and prays as follows:

1.    Dismiss the Complaint in its entirety with prejudice;

2.    Deny all relief sought by Plaintiff;

3.    Enter judgment in favor of Defendant;

4.    Award Defendant its costs of suit incurred in defense of this action to the maximum extent permitted by law; and

5.    Grant Defendant any such other and further relief as the Court deems just and proper.


Dated:  May 20, 2024           **DUANE MORRIS LLP**

By: *_/s/Katherine Huibonhoa_*
KATHERINE HUIBONHOA
BRANDON RAINEY
ANNABEL POLLIONI
Attorneys for Defendant
GOOGLE LLC

ANSWER TO COMPLAINT           23-CV-06574-JST