Aaron L. Agenbroad (SBN 242613)
alagenbroad@jonesday.com
Renee Pauline T. Perez (SBN 339045)
rpperez@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     +1.415.626.3939
Facsimile:     +1.415.875.5700

Liat Yamini (SBN 251238)
lyamini@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA  90071
Telephone:     +1.213.489.3939
Facsimile:     +1.213.243.2539

Attorneys for Defendant
GOOGLE LLC

TONI JARAMILLA, A Professional Law Corp.
Toni J. Jaramilla, Esq. (SBN 174625)
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 551-3020 | F: (310) 551-3019
E: toni@tjjlaw.com

ALEXANDER MORRISON + FEHR LLP
J. Bernard Alexander, III (SBN 128307)
Britt L. Karp (SBN 278623)
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: 310 394 0888 | F: 310 394 0811
E: balexander@amfllp.com | bkarp@amfllp.com

Attorneys for Plaintiff
JALON HALL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| JALON HALL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No. 4:23-cv-06574-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:　　　Hon. Jon S. Tigar<br>Trial Date:　None Set<br>Action Filed: Dec. 21, 2023 |

Jalon Hall ("Plaintiff") and Google LLC ("Google") submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement and Civil Local Rule 16-9.

1. **JURISDICTION AND SERVICE**

   a. **Plaintiff's Position**

This action is based on Plaintiff's claims of employment discrimination against Defendant, and jurisdiction arises under Title VII, 42 U.S.C. Section 2000e-5.  Venue is proper in this court pursuant to 28 U.S.C. 1391(b)(1) and (2).  Google's principal place of business is in Mountain View, California, and Plaintiff's team is located there., =  Particularly, Plaintiff's manager, Jamila Smith-Loud, who Plaintiff alleges unlawfully discriminated against and harassed her, works out of Google in Northern California.  Additionally, Google's Human Resources is based out of Northern California, and Deaf Services of Palo Alto, the agency which provided sign language interpreters for Plaintiff's initial role with Google, is also in Northern California.

   b. **Google's Position**

Counsel for Google accepted service of Plaintiff's Complaint on behalf of Google. Google admits jurisdiction is proper in a United States District Court specifically as to claims brought pursuant to Title VII, 42 U.S.C. Section 2000e-5.  However, Google denies that the Northern District of California is the proper venue for this Action on the basis of Plaintiff's state of residence and the other fact allegations Plaintiff described in her Complaint.  And as Plaintiff's counsel confirmed with Google's counsel during the Parties' Rule 26 meet and confer, Plaintiff has never worked in California during her employment with Google.  Based on Google's current fact investigation and Plaintiff's current Complaint, Google expects to file a Motion to Transfer to the Eastern District of Michigan, but due to Plaintiff's counsel's indication during the Parties' Rule 26 conference that Plaintiff intends to file a new complaint, Google will continue to confer with Plaintiff's counsel as needed and evaluate whether a transfer would still be appropriate.

2. **FACTS**

   a. **Plaintiff's Position**

Plaintiff, an African American, deaf woman was subjected to discrimination, harassment

and retaliation based on the intersectionality of her race (Black), and disability (deafness). Google has "underleveled" and repeatedly failed to accommodate Plaintiff, and been unjustifiably critical of her work and dismissive of her requests and contributions. Google's acts of discrimination have led to Plaintiff being repeatedly denied positions for which she is well-qualified, from the inception of her employment up to the current date. Throughout her employment, Ms. Hall has made repeated reports and complaints of discriminatory treatment to her supervisors, Human Resources, Employee Relations, and the Disability Alliance, seeking reasonable and effective accommodations, which have been met with varied responses. However, none of Ms. Hall's reports or complaints have been adequately addressed or resolved and instead, Plaintiff has been subjected to outright retaliation

### b. Google's Position

Plaintiff asserts in her Complaint that Google discriminated against her on the basis of her race and disability because Google allegedly failed to: (1) promote her, (2) provide her with accommodations in her Content Moderation Specialist and Research Analyst roles, (3) and provide her with training for her Research Analyst role. Google denies all of Plaintiff's allegations. Plaintiff has not qualified for any promotions based on her performance and completed work product thus far. Google has also provided numerous accommodations to Plaintiff throughout her employment at Google. Finally, Google avers that it has provided Plaintiff with adequate and ample training for her role.

Though not alleged in Plaintiff's Complaint nor mentioned during the Parties' Rule 26 meet and confer, Plaintiff is now alleging—for the first time in this Joint Case Management Statement—that Google retaliated against Plaintiff in response to Plaintiff's alleged complaints. Google denies these new allegations.

### 3. LEGAL ISSUES

### a. Plaintiff's Position

(1) Whether Google discriminated against Plaintiff based on her disability and race;

(2) Whether Google failed to reasonably accommodate Plaintiff's disability;

(3) Whether Google unlawfully harassed Plaintiff based on her disability and race;

(4) Whether Google retaliated against Plaintiff for seeking a reasonable accommodation and/or for complaining about and opposing Google's acts of discrimination and harassment

These claims are brought pursuant to Title VII, 42 U.S.C. § 1981 and California Government Code § 12940.

### b. Google's Position

Google has identified the following legal issues:

(1) Whether Plaintiff can prove Google discriminated against her on the basis of her race and disability because Google allegedly did not promote Plaintiff;

(2) Whether Google provided reasonable accommodations to Plaintiff;

(3) Whether Plaintiff can prove Google discriminated against her on the basis of her race and disability by allegedly not providing training opportunities to Plaintiff.

As stated in Section 2(b) *supra*, Plaintiff does not make any allegations regarding retaliation in her Complaint. Additionally, Plaintiff's Complaint does not mention Cal. Gov. Code § 12940. Accordingly, these legal issues should not be considered by the Court. Google reserves the right to present additional legal issues to the Court as appropriate.

### 4. MOTIONS

#### a. Plaintiff's Position

Plaintiff initially filed this case in *pro se* and has since retained counsel. As a result, Plaintiff is contemplating seeking to amend or file anew an administrative charge. Plaintiff also may move to dismiss this case and seek to pursue her claims in state court instead. Plaintiff has discussed these plans with defense counsel.

#### b. Google's Position

Based on Plaintiff's current Complaint, Google expects to file a motion to transfer pursuant to 28 U.S.C. § 1404. Further, Google withdrew its Motion to Dismiss and declined to stipulate to Plaintiff's voluntary dismissal of her Complaint (with the intention to re-file a complaint in state court), because the deficiencies with the current Complaint can be easily cured with amendment, and this Court has jurisdiction over Plaintiff's claims. Should Plaintiff decide

to file an amended complaint, Google will continue to confer with Plaintiff's counsel to determine whether to transfer to the Eastern District of Michigan continues to be an appropriate course of action. In this Joint Case Management Statement alone, Plaintiff has raised new fact allegations and legal claims against Google that are not present in her Complaint and that were not raised during the Parties' Rule 26 meet and confer. Google requests that the Court set a deadline of August 12, 2024 for Plaintiff to file a motion to dismiss or to amend her Complaint.

Google anticipates filing a dispositive motion as to some or all of the claims asserted in Plaintiff's Complaint. Google reserves its rights to file any motions related to discovery, if needed.

### 5. AMENDMENT OF PLEADINGS

#### a. Plaintiff's Position

As indicated, while Plaintiff exhausted her administrative remedies on her own, and filed this case back in December 2023, she first retained counsel in April 2024. As a result, Plaintiff is contemplating the modification of the structure of this case, including the exhaustion of her administrative remedies with the California Civil Rights Department and pursuing her claims in California state court. Plaintiff is within her right to ensure that she has pled her claims accurately and thoroughly, as well as to potentially dismiss and re-file this case in state court now that she is being guided by counsel. Plaintiff intends to decide these issues within the next month.

#### b. Google's Position

During the Parties' Rule 26 meet and confer, Plaintiff's counsel stated Plaintiff's intention to file a new complaint, because Plaintiff originally filed her Complaint *pro se* and now is represented by legal counsel. However, rather than filing an amended complaint, Plaintiff's counsel intends to dismiss the Action and re-file a new complaint in state court. Google has declined to stipulate to a voluntary dismissal of the Action to allow Plaintiff to file a new complaint in state court because a United States District Court has jurisdiction over Plaintiff's claims on the basis of federal question jurisdiction, because the deficiencies in Plaintiff's current Complaint can be cured with an amendment, and because attempting to move to state court constitutes improper forum shopping. Google is willing to stipulate to Plaintiff filing an amended

complaint in this Court on or before August 12, 2024.  If Plaintiff decides not to amend her Complaint, then Google requests that the Court set a deadline for Plaintiff to file a motion for voluntary dismissal on or before August 12, 2024.

### 6. EVIDENCE PRESERVATION

The Parties have taken reasonable steps to preserve evidence relevant to the issues in this action. Google has been informed by its counsel of its duty not to destroy any documents, tangible things, or e-information relating to Plaintiff's claims that are in its possession, custody, or control. Likewise, Plaintiff has been informed by her counsel of her duty not to destroy any documents, tangible things, or e-information relating to her claims that are in her possession, custody, or control.

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties have discussed the need to develop a reasonable discovery plan and protocol for the reasonable search and disclosure of readily–accessible electronically stored information ("ESI"), including with respect to an agreed set of search terms, the identification of appropriate custodians, and the appropriate format for production. The parties agree to meet and confer and work cooperatively together to develop such a protocol and plan.

### 7. DISCLOSURES

#### a. Plaintiff's Position

Due to Plaintiff counsel's belated introduction into this case, and the fact that Defendant's motion to dismiss was pending until just a few days ago, Plaintiff has not yet provided her disclosures in accordance with General Order No. 71.  However, Plaintiff has been composing the disclosures and intends to provide them by the time of this case management conference.  Further, while Defendant produced some documents to Plaintiff, Defendant by no means complied with General Order No. 71.  Defendant did not produce communications concerning the factual allegations or claims at issue in this lawsuit, Plaintiff's performance evaluations, documents relied upon to make the employment decisions at issue in this lawsuit, workplace policies pertaining to Plaintiff's claims, or documents concerning investigation of any complaints made by the Plaintiff.  Defendant represented that more documentation would be forthcoming when a

protective order was entered into, but no draft protective order has been provided.  Additionally, Defendant did not identify witnesses concerning Plaintiff's claims, instead indicating that it had a motion to dismiss pending and that Plaintiff has knowledge of her claims.  Defendant also served objections with regard to requirements of General Order No. 71 even though the Order specifically indicates that this initial discovery is not subject to objections except upon the grounds set forth in F.R.C.P. 26(b)(2)(B).  Plaintiff seeks for Defendant to fully comply with G.O. 71 within the next week, as Plaintiff intends to as well.  This includes setting forth terms for a protective order so that there is no further delay in compliance.  Plaintiff's contemplation of an amendment does not eliminate Defendant's responsibility to comply with this initial discovery requirement.

  b. **Google's Position**

In accordance with General Order No. 71, Initial Discovery Protocols for Employment Cases, which supersedes Rule 26(a)(1) of the Federal Rules of Civil Procedure, and pursuant to the Parties' stipulated extension to May 6, 2024 (ECF No. 29), Google served its required disclosures to Plaintiff on May 6, 2024.  At no point during the Parties' Rule 26 meet and confer did Plaintiff's counsel discuss purported issues with Google's G.O. 71 disclosures, which were completed by Google's previous counsel.  Further, Plaintiff represented during the Parties' meet and confer that Plaintiff intended to file a new complaint and had not yet decided whether to seek voluntary dismissal.  Google respectfully requests that the Court set a deadline of August 12 for Plaintiff to either amend or move to dismiss her complaint so that the Parties can determine how to proceed with litigating this case.  Google will evaluate and supplement its disclosures as needed, after it sees Plaintiff's new complaint.  Certain confidential information will not be produced until the entry of a protective order.  As of this filing, Plaintiff has not served Google with her required initial disclosures.

 **8. DISCOVERY**

The Parties held their Rule 26 conference on June 11, 2024.

  a. **Plaintiff's Position**

As set forth above, Plaintiff seeks for Defendant to comply with GO-71 and will do the

- 6 -

JOINT CASE MANAGEMENT STATEMENT
CASE No. 4:14-cv-1523-JSW

1  same. Plaintiff awaits a draft protective order from Defendant so that further documentation can
2  be produced by Google.

### b. Google's Position

Initial Disclosures: Google timely served its GO-71 disclosures on May 6, 2024 pursuant to the Parties' stipulation. Google requests that the Court set a deadline of August 12, 2024 for Plaintiff to either amend or move to dismiss her complaint, and Google will evaluate and supplement the disclosures as needed, subject to a protective order. Plaintiff has not yet served her GO-71 disclosures.

Discovery Subjects: Google asserts that Plaintiff's job duties, accommodations requested and granted, and complaints raised regarding the alleged discrimination are proper subjects of discovery. Google anticipates deposing Plaintiff and reserves its rights to depose other witnesses who Plaintiff may disclose.

Protective Order: Google anticipates that confidential information will likely be the subject of discovery, and Google intends to modify the N.D. Cal. Model Protective Order as appropriate, if the Action stays in this Court.

Discovery Cut-Off: Google believes that it would be premature to propose a date for the close of discovery while Plaintiff is expecting to file a new complaint and while Google is expecting to file a Motion to Transfer.

### 9. CLASS ACTIONS

Not applicable.

### 10. RELATED CASES

Not applicable.

### 11. RELIEF

#### a. Plaintiff's Position

Plaintiff prays for relief as follows: (i) For economic and special damages according to proof at trial; (ii) For punitive and exemplary damages according to proof at trial; (iii) For attorney's fees and costs; and (iv) For injunctive relief pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal. 4th 203.

### b. Google's Position

Google denies that Plaintiff is entitled to recover any damages or relief whatsoever.

## 12. SETTLEMENT AND ADR

The parties discussed the possibility of settlement and ADR during their Rule 26(f) conference. The Parties filed the required ADR Certification contemporaneously with this joint statement. In that Certification, the Parties indicated they intend to stipulate to an ADR process. Specifically, the Parties agreed to discuss the possibility of participating in private mediation or a settlement conference with the Court.

### a. Plaintiff's Position

Plaintiff is agreeable to private mediation or a settlement conference once the Parties have discussed their positions and can gage whether either would be fruitful.

### b. Google's Position

Google is amenable to discussing the possibility of private mediation or a settlement conference with the Court at an appropriate time.

## 13. OTHER REFERENCES

The Parties do not believe that this case is suitable for other references at this time.

## 14. NARROWING OF ISSUES

The Parties have not identified any issues that can be narrowed during their early meet and confer efforts. The parties will continue to cooperate in identifying possibilities for narrowing of issues as the case moves forward and discovery continues.

## 15. SCHEDULING

### a. Plaintiff's Position

Plaintiff seeks for the Parties to comply with G.O. 71 and evaluate whether this case will be dismissed and refiled or proceed as venued in the coming month.

### b. Google's Position

Google respectfully submits that deadlines for fact discovery, expert discovery, the filings of any dispositive motions, and pre-trial and trial dates should not be set until Plaintiff has amended her complaint, after which time Google will have more clarity on Plaintiff's fact

1  allegations and will be able to determine whether a transfer to the Eastern District of Michigan
2  continues to be most appropriate for this Action.  Alternatively, to the extent Plaintiff intends to
3  file a motion to dismiss her own Complaint in order to re-file a new complaint in state court,
4  based on the current allegations and claims in Plaintiff's current Complaint, Google intends to
5  oppose any such motion by Plaintiff.

   Google proposes that Plaintiff's deadline to amend the pleadings or add parties or to move
6  for voluntary dismissal be set for August 12, 2024.  Google will evaluate and supplement the
7  disclosures as needed, subject to a protective order.  Google reserves its rights to file a Motion to
8  Transfer or file other motions as appropriate.

### 16. TRIAL

The Parties agree that setting pre-trial and trial dates would be premature while Plaintiff anticipates filing a new complaint and Google anticipates filing a Motion to Transfer.

### 17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Google has filed its Certificate of Interested Entities or Persons (ECF No. 13) and Corporate Disclosure Statement (ECF No. 14) on March 5, 2024.  As Google stated in its Corporate Disclosure Statement, Google is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company.  No publicly traded company holds more than 10% of Alphabet Inc.'s stock.

### 18. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 19. OTHER MATTERS

The Parties have agreed to accept electronic service.

| | | |
|---|---|---|
| 1 | Dated: June 25, 2024 | ALEXANDER MORRISON + FEHR LLP |
| 2 | | TONI JARAMILLA, A PROFESSIONAL LAW CORP. |
| 3 | | |
| 4 | | |
| 5 | | By: /s/ *Britt L. Karp* |
| | |     J. Bernard Alexander III |
| 6 | |     Toni J. Jaramilla |
| | |     Britt L. Karp |
| 7 | | Attorneys for Plaintiff |
| 8 | | JALON HALL |
| 9 | | |
| 10 | Dated: June 25, 2024 | JONES DAY |
| 11 | | |
| 12 | | By: /s/ *Liat Yamini* |
| | |     Liat Yamini |
| 13 | | Attorneys for Defendant |
| 14 | | GOOGLE LLC |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), I, Liat Yamini, attest that concurrence in the filing of this document has been obtained from the other signatories.

By: */s/ Liat Yamini*
    Liat Yamini