1  Aaron L. Agenbroad (SBN 242613)
   alagenbroad@jonesday.com
2  JONES DAY
   555 California Street, 26th Floor
3  San Francisco, CA 94104
   Telephone:  +1.415.626.3939
4  Facsimile:  +1.415.875.5700

5  Liat L. Yamini (SBN 251238)
   lyamini@jonesday.com
6  JONES DAY
   555 South Flower Street, Fiftieth Floor
7  Los Angeles, CA 90071
   Telephone:  +1.213.489.3939
8  Facsimile:  +1.213.243.2539

9  Attorneys for Defendants
   GOOGLE LLC and JAMILA SMITH-LOUD

10
   TONI JARAMILLA, A Professional Law Corp.
11 Toni J. Jaramilla, Esq. (SBN 174625)
   1900 Avenue of the Stars, Suite 900
12 Los Angeles, California 90067
   T: (310) 551-3020 | F: (310) 551-3019
13 E: toni@tjjlaw.com

14 ALEXANDER MORRISON + FEHR LLP
   J. Bernard Alexander, III (SBN 128307)
15 Britt L. Karp (SBN 278623)
   1900 Avenue of the Stars, Suite 900
16 Los Angeles, California 90067
   T: 310 394 0888 | F: 310 394 0811
17 E: balexander@amfllp.com | bkarp@amfllp.com

18 Attorneys for Plaintiff
   JALON HALL
19

20                    UNITED STATES DISTRICT COURT

21            NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| 22  JALON HALL, | Case No. 4:23-cv-06574-JST |
| 23         Plaintiff, | **UPDATED JOINT CASE MANAGEMENT STATEMENT** |
| 24      v. | Judge:        Hon. Jon S. Tigar |
| 25  GOOGLE LLC, a Delaware Limited Liability Company; JAMILA SMITH-LOUD, an individual; and DOES 1–25, inclusive, | Trial Date:   None Set |
| 26 | Action Filed: Dec. 21, 2023 |
| 27         Defendants. | |
| 28 | |

Jalon Hall ("Plaintiff") and Google LLC ("Google") submit this Updated Joint Case Management Statement pursuant to the Order Continuing Case Management Conference (ECF 45), the Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement, and Civil Local Rule 16-9.

1.   **JURISDICTION AND SERVICE**

   a.   **Plaintiff's Position**

This action is based on Plaintiff's claims of employment discrimination against Defendant, and jurisdiction arises under Title VII, 42 U.S.C. Section 2000e-5.  Venue is proper in this court pursuant to 28 U.S.C. 1391(b)(1) and (2).  Google's principal place of business is in Mountain View, California, and Plaintiff's team is located there.  Particularly, Plaintiff's manager, Jamila Smith-Loud, who Plaintiff alleges unlawfully discriminated against and harassed her, works out of Google in Northern California.  Additionally, Google's Human Resources is based out of Northern California, and Deaf Services of Palo Alto, the agency which provided sign language interpreters for Plaintiff's initial role with Google, is also in Northern California.

   b.   **Defendants' Position**

Counsel for Google and Jamila Smith-Loud accepted service of Plaintiff's Amended Complaint on behalf of Google and Smith-Loud.  Plaintiff served Google on August 23, 2024, and the parties stipulated to an extension for Google to answer the Amended Complaint to September 27, 2024 (ECF 58). Plaintiff provided the Amended Complaint to Smith-Loud on August 28, 2024 and Smith-Loud has not yet answered the Complaint.  Smith-Loud plans to waive service of summons, and her Answer will be due October 27, 2024.

Google admits jurisdiction is proper in a United States District Court specifically as to claims brought pursuant to Title VII, 42 U.S.C. Section 2000e-5.  Although Google denies that the Northern District of California is the proper venue for this Action on the basis of Plaintiff's state of residence and the other fact allegations Plaintiff described in her Complaint, it has decided not to move to transfer venue.

2.     **FACTS**

   a. **Plaintiff's Position**

Plaintiff is an African American woman who is deaf. Plaintiff was subjected to discrimination, harassment, and retaliation based on the intersectionality of her race (Black) and her disability (deafness). Google has "underleveled" Plaintiff, repeatedly failed to accommodate her, unjustifiably criticized her work, and dismissed her requests for accommodation and contributions. As a result of Google's discriminatory actions, Plaintiff has been repeatedly denied positions for which she is well-qualified, from the inception of her employment to the current date. Throughout her employment, Ms. Hall has made repeated reports and complaints of discriminatory treatment, to her supervisors, Human Resources, Employee Relations, and the Disability Alliance, none of which have been adequately addressed or resolved. Instead, Plaintiff has been subjected to outright and ongoing retaliation.

   b. **Defendants' Position**

Plaintiff asserts in her Complaint that Defendants discriminated against her on the basis of her race and disability because Google allegedly failed to: (1) promote her, (2) provide her with accommodations in her Content Moderation Specialist and Research Analyst roles, (3) and provide her with training for her Research Analyst role. Defendants deny all of Plaintiff's allegations. Plaintiff has not qualified for any promotions based on her performance and completed work product thus far. Google has also provided numerous accommodations to Plaintiff throughout her employment at Google. Finally, Google avers that it has provided Plaintiff with adequate and ample training for her role. Defendants also deny allegations that Defendants' subjected Plaintiff to unwanted harassment and retaliated against Plaintiff in response to Plaintiff's alleged complaints.

3.     **LEGAL ISSUES**

   a. **Plaintiff's Position**

   (1) Whether Google discriminated against Plaintiff based on her disability and race;

   (2) Whether Google failed to reasonably accommodate Plaintiff's disability;

   (3) Whether Google unlawfully harassed Plaintiff based on her disability and race;

(4) Whether Google retaliated against Plaintiff for (a) seeking one or more reasonable accommodations and/or (b) complaining about and opposing Google's acts of discrimination and harassment.

These claims are brought pursuant to Title VII, 42 U.S.C. § 1981 and California Government Code § 12940.

### b. Defendants' Position

Defendants have identified the following legal issues:

(1) Whether Plaintiff can prove Defendants discriminated against her on the basis of her race and disability because Google allegedly did not promote Plaintiff;

(2) Whether Google provided reasonable accommodations to Plaintiff;

(3) Whether Plaintiff can prove Defendants discriminated against her on the basis of her race and disability by allegedly not providing training opportunities to Plaintiff;

(4) Whether Plaintiff can prove Defendants subjected her to unwanted harassment;

(5) Whether Plaintiff can prove Defendants retaliated against her for making protected complaints.

Defendants reserve the right to present additional legal issues to the Court as appropriate.

### 4. MOTIONS

### a. Plaintiff's Position

Plaintiff initially filed this case in *pro se* and has since retained counsel. Plaintiff just received Defendant Google's response to General Order No. 71, and has not yet had sufficient time and opportunity to review and analyze the substance of Google's responses. Plaintiff had contemplated dismissing the federal action and refiling in state court. However, Google refused to provide its substantive response to General Order No. 71 until Plaintiff made an election to remain in Federal Court.

Plaintiff contemplates filing dispositive motions as to some disability related causes of action. Plaintiff has not yet discussed these plans with defense counsel.

**b. Defendants' Position**

Google provided General Order No. 71 disclosures on May 6, 2024, and supplemented its disclosures on August 30, 2024. Defendants are continuing to review the Amended Complaint and will supplement as needed. Google did not condition its supplemental General Order No. 71 Disclosures on remaining in Federal Court. Instead, as Google explained to Plaintiff's counsel, Google was awaiting to understand Plaintiff's decision on venue, as General Order No. 71 would not apply in California state court, and was awaiting Plaintiff's amended complaint to meaningfully supplement its disclosures. Google withdrew its Motion to Dismiss and declined to stipulate to Plaintiff's voluntary dismissal of her Complaint (with the intention to re-file a complaint in state court), because the deficiencies with the current Complaint can be easily cured with amendment, and this Court has jurisdiction over Plaintiff's claims.

Plaintiff has now filed an amended Complaint. Defendants anticipate filing a dispositive motion as to some or all of the claims asserted in Plaintiff's Complaint. Defendants reserve their rights to file any motions related to discovery, if needed.

## 5. AMENDMENT OF PLEADINGS

**a. Plaintiff's Position**

Plaintiff originally exhausted her administrative remedies while acting in pro per, and filed suit back in December 2023. Plaintiff first retained counsel in April 2024. Plaintiff has now exhausted her administrative remedies with the California Civil Rights Department and has filed an amended complaint alleging various state and federal causes of action. Because Plaintiff just received Google's disclosures, Plaintiff has not yet determined if further amendment of the complaint would be warranted.

**b. Defendants' Position**

Plaintiff filed her Amended Complaint on August 23, 2024, adding additional claims and adding Jamila Smith-Loud as a defendant. Defendants do not believe Plaintiff needs any additional time for further amendments to the Complaint.

## 6. EVIDENCE PRESERVATION

The Parties have taken reasonable steps to preserve evidence relevant to the issues in this

action. Defendants have been informed by its counsel of its duty not to destroy any documents, tangible things, or e-information relating to Plaintiff's claims that are in their possession, custody, or control. Likewise, Plaintiff has been informed by her counsel of her duty not to destroy any documents, tangible things, or e-information relating to her claims that are in her possession, custody, or control.

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties have discussed the need to develop a reasonable discovery plan and protocol for the reasonable search and disclosure of readily accessible electronically stored information ("ESI"), including with respect to an agreed set of search terms, the identification of appropriate custodians, and the appropriate format for production. The parties agree to meet and confer and work cooperatively together to develop such a protocol and plan.

### 7. DISCLOSURES

#### a. Plaintiff's Position

Due to Plaintiff counsel's belated entry into this case, and the fact that Defendant's motion to dismiss was only recently withdrawn, Plaintiff filed her disclosures on July 1, 2024, in accordance with General Order No. 71. While Defendant previously produced limited documents to Plaintiff on May 6, 2024, prior to Plaintiff's retention of counsel, Defendant's production was woefully inadequate and violated General Order No. 71 in many respects. For example, Defendant served objections, despite General Order No. 71 specifically indicating that this initial discovery is not subject to objections, except upon the grounds set forth in F.R.C.P. 26(b)(2)(B). As such, Defendant did not produce communications concerning the factual allegations or claims at issue in this lawsuit, Plaintiff's performance evaluations, documents relied upon to make the employment decisions at issue in this lawsuit, workplace policies pertaining to Plaintiff's claims, or documents concerning investigation of any complaints made by the Plaintiff. In addition, Defendant refused to identify witnesses concerning Plaintiff's claims while its motion to dismiss was pending and asserted that Plaintiff was aware of her own claims.

Defendant waited until August 30, 2024 to finally comply with General Order No. 71. As of this date, Plaintiff has not had an opportunity to review and inventory the documents produced

and disclosures made in order to determine what documents or information, if any, has been withheld. Defendant has represented that more documentation and information may be forthcoming when a protective order is entered. However, Defendant only recently provided the draft protective order, which heavily edits the standard protective order approved by the Northern District. Plaintiff will provide written objections to many of the additions proposed by Defendant within the next 48 hours. As a consequence of Defendant's late compliance with General Order No. 71, and late submission of the proposed modified protective order, Plaintiff cannot yet assess the extent to which defendant has properly complied with General Order No. 71.

### b. Defendants' Position

Google did not wait until August 30 to comply with General Order No. 71. In accordance with General Order No. 71, Initial Discovery Protocols for Employment Cases, which supersedes Rule 26(a)(1) of the Federal Rules of Civil Procedure, and pursuant to the Parties' stipulated extension to May 6, 2024 (ECF No. 29), Google served its required disclosures to Plaintiff on May 6, 2024. Google supplemented its disclosures on August 30, 2024 after having a chance to review Plaintiff's amended complaint. As neither Defendant has yet answered Plaintiff's Amended Complaint, both Defendants will evaluate and supplement their disclosures as needed, after they analyze the additional claims. Certain confidential information will not be produced until the entry of a protective order. Defendants provided a draft protective order to Plaintiff, and requests that the Court set a deadline of September 24, 2024 for the filing of a stipulated protective order if Plaintiff has not responded as of the Case Management Conference on September 17, 2024.

## 8. DISCOVERY

The Parties held their Rule 26 conference on June 11, 2024 and a second conference on August 27, 2024.

### a. Plaintiff's Position

As set forth above, Plaintiff seeks for Defendant to comply with G.O. 71 without further delay. The parties are working to finalize a joint protective order so that Defendant will fully disclose documentation and information in compliance with General Order No. 71.

b. **Defendants' Position**

<u>Initial Disclosures</u>:  Google timely served its GO-71 disclosures on May 6, 2024 pursuant to the Parties' stipulation and supplemented its disclosures on August 30, 2024.  Defendants will continue to evaluate and supplement the disclosures as needed, subject to a protective order.

<u>Discovery Subjects</u>:  Defendants assert that Plaintiff's job duties, accommodations requested and granted, and complaints raised regarding the alleged discrimination are proper subjects of discovery.  Google anticipates deposing Plaintiff and reserves its rights to depose other witnesses who Plaintiff may disclose.

<u>Protective Order</u>:  Google anticipates that confidential information will likely be the subject of discovery.  Google provided a draft Protective Order to Plaintiff on August 29, 2024 based on the N.D. Cal. Model Protective Order, and awaits Plaintiff's edits.

<u>Discovery Cut-Off</u>:  Google proposes a discovery cut-off date of March 15, 2025.

**9.   CLASS ACTIONS**

Not applicable.

**10.   RELATED CASES**

Not applicable.

**11.   RELIEF**

a. **Plaintiff's Position**

Plaintiff prays for relief as follows: (i) For economic and special damages according to proof at trial; (ii) For punitive and exemplary damages according to proof at trial; (iii) For attorney's fees and costs; and (iv) For injunctive relief pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal. 4th 203.

b. **Defendants' Position**

Defendants deny that Plaintiff is entitled to recover any damages or relief whatsoever.

**12.   SETTLEMENT AND ADR**

The parties discussed the possibility of settlement and ADR during their Rule 26(f) conference.  The Parties filed the required ADR Certification contemporaneously with this joint statement.  In that Certification, the Parties indicated they intend to stipulate to an ADR process.

Specifically, the Parties agreed to discuss the possibility of participating in private mediation or a settlement conference with the Court.

### a. Plaintiff's Position

Plaintiff is agreeable to private mediation or a settlement conference once the Parties have discussed their positions and can gage whether either would be fruitful.

### b. Defendants' Position

Defendants are amenable to discussing the possibility of private mediation or a settlement conference with the Court at an appropriate time.

### 13. OTHER REFERENCES

The Parties do not believe that this case is suitable for other references at this time.

### 14. NARROWING OF ISSUES

The Parties have not identified any issues that can be narrowed during their early meet and confer efforts. The parties will continue to cooperate in identifying possibilities for narrowing of issues as the case moves forward and discovery continues.

### 15. SCHEDULING

**The parties propose the following dates:**

| Event | Plaintiff's Proposal | Defendants' Proposal |
| --- | --- | --- |
| **Fact Discovery Cutoff** | May 16, 2025 | March 15, 2025 |
| **Initial Expert Designation and Report** | March 14, 2025 | January 16, 2025 |
| **Rebuttal Expert Designation and Report** | April 18, 2025 | February 20, 2025 |
| **Expert Discovery Cutoff** | June 4, 2025 | April 4, 2025 |
| **Dispositive Motions Filed** | June 18, 2025 | April 17, 2025 |
| **Pretrial Conference** | September 19, 2025 | July 18, 2025 |
| **Trial Ready** | October 6, 2025 | August 4, 2025 |

**16.   TRIAL**

   **a.   Plaintiff's Position**

Plaintiff proposes a pretrial conference date of September 22, 2025, and a trial date of October 6, 2025, due to the lengthy delay in Plaintiff's receipt of Google's Initial Disclosures. This will give the parties sufficient time to complete discovery and to address any dispositive motions to be filed by the parties.  Plaintiff agrees that a jury trial will take approximately 5-7 days, keeping in mind that Plaintiff is deaf, and the trial will be impacted by delays arising from Plaintiff's need for accommodation at trial, including receipt of testimony through the use of multiple sign language interpreters.

   **b.   Defendants' Position**

Defendants propose a pretrial conference date of July 18, 2025, and a trial date of August 4, 2025. This will give the parties appropriate time to complete discovery and receive an order from the Court on Defendants' anticipated Motion for Summary Judgment. Defendants believe a jury trial will take 5-7 days.

**17.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Google has filed its Certificate of Interested Entities or Persons (ECF No. 13) and Corporate Disclosure Statement (ECF No. 14) on March 5, 2024.  As Google stated in its Corporate Disclosure Statement, Google is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company.  No publicly traded company holds more than 10% of Alphabet Inc.'s stock.

**18.   PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.   OTHER MATTERS**

The Parties have agreed to accept electronic service.

| | | |
|---|---|---|
| 1 | Dated: September 10, 2024 | ALEXANDER MORRISON + FEHR LLP |
| 2 | | TONI JARAMILLA, A PROFESSIONAL LAW CORP. |
| 3 | | |

By: */s/ J. Bernard Alexander*
　　J. Bernard Alexander III
　　Toni J. Jaramilla
　　Britt L. Karp

Attorneys for Plaintiff
JALON HALL

Dated: September 10, 2024   JONES DAY

By: */s/ Liat L. Yamini*
　　Liat L. Yamini

Attorneys for Defendants
GOOGLE LLC and JAMILA SMITH-LOUD

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), I, Liat L. Yamini, attest that concurrence in the filing of this document has been obtained from the other signatories.

By: /s/ *Liat L. Yamini*
Liat L. Yamini