1    Aaron L. Agenbroad (SBN 242613)
     alagenbroad@jonesday.com
2    JONES DAY
     555 California Street, 26th Floor
3    San Francisco, CA  94104
     Telephone:    +1.415.626.3939
4    Facsimile:     +1.415.875.5700

5    Liat Yamini (SBN 251238)
     lyamini@jonesday.com
6    JONES DAY
     555 South Flower Street, Fiftieth Floor
7    Los Angeles, CA  90071
     Telephone:    +1.213.489.3939
8    Facsimile:     +1.213.243.2539

9    Attorneys for Defendants
     GOOGLE LLC and JAMILA SMITH-LOUD
10
     TONI JARAMILLA, A Professional Law Corp.
11   Toni J. Jaramilla, Esq. (SBN 174625)
     1900 Avenue of the Stars, Suite 900
12   Los Angeles, California 90067
     T: (310) 551-3020 | F: (310) 551-3019
13   E: toni@tjjlaw.com

14   ALEXANDER MORRISON + FEHR LLP
     J. Bernard Alexander, III (SBN 128307)
15   Britt L. Karp (SBN 278623)
     1900 Avenue of the Stars, Suite 900
16   Los Angeles, California 90067
     T: 310 394 0888 | F: 310 394 0811
17   E: balexander@amfllp.com | bkarp@amfllp.com

18   Attorneys for Plaintiff
     JALON HALL
19

20                    UNITED STATES DISTRICT COURT

21         NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

22   JALON HALL,                          Case No. 4:23-cv-06574-JST

23              Plaintiff,                **SECOND UPDATED JOINT CASE**
                                          **MANAGEMENT STATEMENT**
24        v.
                                          Judge:        Hon. Jon S. Tigar
25   GOOGLE LLC, a Delaware Limited Liability   Trial Date:   None Set
     Company; JAMILA SMITH-LOUD, an        Action Filed: Dec. 21, 2023
26   individual; and DOES 1–25, inclusive,

27              Defendants.

28

1   Jalon Hall ("Plaintiff") and Google LLC ("Google") submit this Second Updated Joint

2   Case Management Statement pursuant to the Court's September 16, 2024 Order Continuing Case

3   Management Conference (ECF 62), the Standing Order for All Judges of the Northern District of

4   California: Contents of Joint Case Management Statement, and Civil Local Rule 16-9.

5   **1.    JURISDICTION AND SERVICE**

6   **a.  Plaintiff's Position**

7   This action is based on Plaintiff's claims of employment discrimination against

8   Defendant, and jurisdiction arises under Title VII, 42 U.S.C. Section 2000e-5.  Venue is proper in

9   this court pursuant to 28 U.S.C. 1391(b)(1) and (2).  Google's principal place of business is in

10  Mountain View, California, and Plaintiff's team is located there.  Particularly, Plaintiff's

11  manager, Jamila Smith-Loud, who Plaintiff alleges unlawfully discriminated against and harassed

12  her, works out of Google in Northern California.  Additionally, Google's Human Resources is

13  based out of Northern California, and Deaf Services of Palo Alto, the agency which provided sign

14  language interpreters for Plaintiff's initial role with Google, is also in Northern California.

15  **b.  Defendants' Position**

16  Counsel for Google and Jamila Smith-Loud accepted service of Plaintiff's Amended

17  Complaint on behalf of Google and Smith-Loud.  Both Defendants have answered the Amended

18  Complaint. Google admits jurisdiction is proper in a United States District Court specifically as to

19  claims brought pursuant to Title VII, 42 U.S.C. Section 2000e-5.  Although Google denies that

20  the Northern District of California is the proper venue for this Action on the basis of Plaintiff's

21  state of residence and the other fact allegations Plaintiff described in her Complaint, it has

22  decided not to move to transfer venue.

23  **2.    FACTS**

24  **a.  Plaintiff's Position**

25  Plaintiff is an African American woman who is deaf.  Plaintiff was subjected to

26  discrimination, harassment, and retaliation based on the intersectionality of her race (Black) and

27  her disability (deafness).  Google has "underleveled" Plaintiff, repeatedly failed to accommodate

28  her, unjustifiably criticized her work, and dismissed her requests for accommodation and

1   contributions.  As a result of Google's discriminatory actions, Plaintiff has been repeatedly denied

2   positions for which she is well-qualified, from the inception of her employment to the current

3   date.  Throughout her employment, Ms. Hall has made repeated reports and complaints of

4   discriminatory treatment, to her supervisors, Human Resources, Employee Relations, and the

5   Disability Alliance, none of which have been adequately addressed or resolved.  Instead, Plaintiff

6   has been subjected to outright and ongoing retaliation.

7           Most recently, on December 16, 2024, Defendant terminated Plaintiff from her position.

8   Plaintiff will now be amending the CRD charge and seeking a stipulation for leave to amend the

9   complaint accordingly, to address Plaintiff's termination.

10                          **b.  Defendants' Position**

11          Plaintiff asserts in her Complaint that Defendants discriminated against her on the basis of

12   her race and disability because Google allegedly failed to: (1) promote her, (2) provide her with

13   accommodations in her Content Moderation Specialist and Research Analyst roles, (3) and

14   provide her with training for her Research Analyst role.  Defendants deny all of Plaintiff's

15   allegations.  Plaintiff has not qualified for any promotions based on her performance and

16   completed work product thus far.  Google has also provided numerous accommodations to

17   Plaintiff throughout her employment at Google.  Finally, Google avers that it has provided

18   Plaintiff with adequate and ample training for her role. Defendants also deny allegations that

19   Defendants' subjected Plaintiff to unwanted harassment and retaliated against Plaintiff in

20   response to Plaintiff's alleged complaints.

21          **3.       LEGAL ISSUES**

22                  **a.  Plaintiff's Position**

23          (1) Whether Google discriminated against Plaintiff based on her disability and race;

24          (2) Whether Google failed to reasonably accommodate Plaintiff's disability;

25          (3) Whether Google unlawfully harassed Plaintiff based on her disability and race;

26          (4) Whether Google retaliated against Plaintiff for (a) seeking one or more reasonable

27                  accommodations and/or (b) complaining about and opposing Google's acts of

28                  discrimination and harassment.

JOINT CASE MANAGEMENT STATEMENT
CASE No. 4:14-cv-1523-JSW

1    These claims are brought pursuant to Title VII, 42 U.S.C. § 1981 and California

2  Government Code § 12940.

3    **b. Defendants' Position**

4    Defendants have identified the following legal issues:

5    (1) Whether Plaintiff can prove Defendants discriminated against her on the basis of her

6  race and disability because Google allegedly did not promote Plaintiff;

7    (2) Whether Google provided reasonable accommodations to Plaintiff;

8    (3) Whether Plaintiff can prove Defendants discriminated against her on the basis of her

9  race and disability by allegedly not providing training opportunities to Plaintiff;

10    (4) Whether Plaintiff can prove Defendants subjected her to unwanted harassment;

11    (5) Whether Plaintiff can prove Defendants retaliated against her for making protected

12  complaints.

13    Defendants reserve the right to present additional legal issues to the Court as appropriate.

14    **4.    MOTIONS**

15    **a.  Plaintiff's Position**

16    Plaintiff anticipates amending the Complaint to address Defendants' termination of the

17  Plaintiff.  Absent Defendants' cooperation, a motion will be necessary.  Plaintiff reserves the right

18  to file any discovery-related motion, including motion(s) to compel, and motions in limine, as

19  needed.

20    **b.  Defendants' Position**

21    Defendants anticipate filing a dispositive motion (summary judgment) as to some or all of

22  the claims asserted in Plaintiff's Complaint.  Defendants reserve their rights to file any motions

23  related to discovery, if needed.

24    **5.    AMENDMENT OF PLEADINGS**

25    **a.  Plaintiff's Position**

26    Plaintiff anticipates the need to further amend her Complaint, in light of the new

27  developments of Defendant having terminated the Plaintiff on December 16, 2024.  As a pre-

28  requisite to amending the complaint, Plaintiff must amend the CRD Charge.  Plaintiff is

- 3 -

1  evaluating the factual basis of the termination and assessing the extent to which the Complaint

2  must be amended. Plaintiff reserves the right to seek leave to amend based on further discovery,

3  the development of the case, or any other appropriate grounds.

4  **b.  Defendants' Position**

5  Plaintiff filed her Amended Complaint on August 23, 2024, adding additional claims and

6  adding Jamila Smith-Loud as a defendant.  Defendants will review any additional proposed

7  amendments made by Plaintiff related to her termination.

8  **6.      EVIDENCE PRESERVATION**

9  The Parties have taken reasonable steps to preserve evidence relevant to the issues in this

10  action.  Defendants have been informed by its counsel of its duty not to destroy any documents,

11  tangible things, or e-information relating to Plaintiff's claims that are in their possession, custody,

12  or control. Likewise, Plaintiff has been informed by her counsel of her duty not to destroy any

13  documents, tangible things, or e-information relating to her claims that are in her possession,

14  custody, or control.

15  The parties have reviewed the Guidelines Relating to the Discovery of Electronically

16  Stored Information. The parties have discussed the need to develop a reasonable discovery plan

17  and protocol for the reasonable search and disclosure of readily accessible electronically stored

18  information ("ESI"), including with respect to an agreed set of search terms, the identification of

19  appropriate custodians, and the appropriate format for production. The parties agree to meet and

20  confer and work cooperatively together to develop such a protocol and plan.

21  **7.      DISCLOSURES**

22  **a.  Plaintiff's Position**

23  Plaintiff served her initial disclosures to Defendants in compliance with General Order

24  No. 71 on July 1, 2024.

25  **b.  Defendants' Position**

26  Google served its required disclosures to Plaintiff on May 6, 2024 and supplemented its

27  disclosures on August 30, 2024 after having a chance to review Plaintiff's Amended Complaint.

28  Defendant Hall will serve her required disclosures the week of January 6, 2024.

1    **8.    DISCOVERY**

2        The Parties held their Rule 26 conference on June 11, 2024 and a second conference on

3    August 27, 2024. The Parties have exchanged written discovery, and Plaintiff's deposition is

4    scheduled for February 5 and 6, 2025.

5        **a.  Plaintiff's Position**

6        Initial Disclosures: Plaintiff will supplement her initial disclosures as needed.

7        Discovery Subjects: Relevant discovery subjects include, but are not limited to: Plaintiff's

8    job performance and qualifications; Defendants' promotion and accommodation practices and

9    policies; complaints made by Plaintiff and Defendants' responses; Defendants' handling of

10   requests for sign language interpreters and other accommodations; Defendant Google's

11   confidentiality policies and procedures; comparative treatment of similarly situated employees;

12   communications regarding Plaintiff's complaints of discrimination and retaliation; and the

13   reason(s), basis and timing of Plaintiff's termination. Plaintiff will continue to engage in written

14   discovery and anticipates deposing relevant fact witnesses, including decision-makers involved in

15   Plaintiff's employment.

16       **b.  Defendants' Position**

17       Initial Disclosures:   Defendants will continue to evaluate and supplement their

18   disclosures as needed.

19       Discovery Subjects:  Defendants assert that Plaintiff's job duties, accommodations

20   requested and granted, and complaints raised regarding the alleged discrimination are proper

21   subjects of discovery.  Google anticipates deposing Plaintiff and reserves its rights to depose

22   other witnesses who Plaintiff may disclose.

23       Protective Order:  Google anticipates that confidential information will likely be the

24   subject of discovery and the parties filed a stipulation for Protective Order on December 23, 2024

25   (ECF 69), which was granted on January 2, 2025 (ECF 70).

26       **9.    CLASS ACTIONS**

27       Not applicable.

28   ///

**10.    RELATED CASES**

Not applicable.

**11.    RELIEF**

    **a.  Plaintiff's Position**

Plaintiff prays for relief as follows: (i) For economic and special damages according to proof at trial; (ii) For punitive and exemplary damages according to proof at trial; (iii) For attorney's fees and costs; and (iv) For injunctive relief pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal. 4th 203.

    **b.  Defendants' Position**

Defendants deny that Plaintiff is entitled to recover any damages or relief whatsoever.

**12.    SETTLEMENT AND ADR**

The parties discussed the possibility of settlement and ADR during their Rule 26(f) conference.  The Parties filed the required ADR Certification.  In that Certification, the Parties indicated they intend to stipulate to an ADR process. Specifically, the Parties agreed to discuss the possibility of participating in private mediation or a settlement conference with the Court.

    **a.  Plaintiff's Position**

Plaintiff is agreeable to private mediation or a settlement conference once the Parties have discussed their positions and can gage whether either would be fruitful.

    **b.  Defendants' Position**

Defendants are amenable to discussing the possibility of private mediation or a settlement conference with the Court at an appropriate time.

**13.    OTHER REFERENCES**

The Parties do not believe that this case is suitable for other references at this time.

**14.    NARROWING OF ISSUES**

The Parties have not identified any issues that can be narrowed during their early meet and confer efforts.  The parties will continue to cooperate in identifying possibilities for narrowing of issues as the case moves forward and discovery continues.

///

JOINT CASE MANAGEMENT STATEMENT
CASE No. 4:14-cv-1523-JSW

15.    **SCHEDULING**

**The parties propose the following dates:**

| Event | Date |
|---|---|
| **Fact Discovery Cutoff** | May 9, 2025 |
| **Initial Expert Designation and Report** | March 28, 2025 |
| **Rebuttal Expert Designation and Report** | May 9, 2025 |
| **Expert Discovery Cutoff** | June 25, 2025 |
| **Dispositive Motions Filed** | July 11, 2025 |
| **Pretrial Conference** | October 31, 2025 |
| **Trial Ready** | November 17, 2025 |

16.    **TRIAL**

The parties proposes a pretrial conference date of October 31, 2025, and a trial date of November 17, 2025.

Given the additional time required for accommodating Plaintiff's need for qualified interpreters and ensuring effective communication throughout the discovery process, and addressing Plaintiff's termination on December 16, 2024, the parties believe this proposed timeline is necessary to provide  sufficient time to complete discovery and prepare for trial.

Plaintiff anticipates that trial will take approximately 7-10 days.

Defendants anticipate that a jury trial will take 5-7 days.

17.    **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Google has filed its Certificate of Interested Entities or Persons (ECF No. 13) and Corporate Disclosure Statement (ECF No. 14) on March 5, 2024.  As Google stated in its Corporate Disclosure Statement, Google is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company.  No publicly traded company holds more than 10% of Alphabet Inc.'s stock.

///

JOINT CASE MANAGEMENT STATEMENT
CASE No. 4:14-cv-1523-JSW

1

**18.    PROFESSIONAL CONDUCT**

2

All attorneys of record for the Parties have reviewed the Guidelines for Professional

3

Conduct for the Northern District of California.

4

**19.    OTHER MATTERS**

5

The Parties have agreed to accept electronic service.

6

Dated: January 7, 2025                           ALEXANDER MORRISON + FEHR LLP

7

TONI JARAMILLA, A PROFESSIONAL
LAW CORP.

8

9

10

By: */s/ Britt Karp*
       J. Bernard Alexander III
       Toni J. Jaramilla

11

       Britt L. Karp

12

Attorneys for Plaintiff
JALON HALL

13

14

15

Dated: January 7, 2024                           JONES DAY

16

17

By: */s/ Liat Yamini*
       Aaron L. Agenbroad
       Liat Yamini

18

19

Attorneys for Defendants
GOOGLE LLC and JAMILA SMITH-LOUD

20

21

22

23

24

25

26

27

28

- 8 -

1

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

2

     Pursuant to Civil Local Rule 5-1(i)(3), I, Liat Yamini, attest that concurrence in the filing

3

of this document has been obtained from the other signatories.

4

5

                                   By: */s/ Liat Yamini*
6
                                         Liat Yamini

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE No. 4:14-cv-1523-JSW