1  **TONI JARAMILLA, A Professional Law Corp.**
   Toni J. Jaramilla (State Bar No. 174625)
2  toni@tjjlaw.com
   1900 Avenue of the Stars, Suite 900
3  Los Angeles, California 90067
   T: 310 551 3020 | F: 310 551 3019
4
5  **ALEXANDER MORRISON + FEHR LLP**
   J. Bernard Alexander, III (State Bar No. 128307)
6  balexander@amfllp.com
   Hayley M. Solarz (State Bar No. 360353)
7  hsolarz@amfllp.com
   1900 Avenue of the Stars, Suite 900
8  Los Angeles, California 90067
   T: 310 394 0888 | F: 310 394 0811
9
10 Attorneys for Plaintiff
   JALON HALL
11

12                **UNITED STATES DISTRICT COURT**

13               **NORTHERN DISTRICT OF CALIFORNIA**

14

15 JALON HALL, an individual,           )  Case No. 23-cv-06574-JST
                                        )
16        Plaintiff,                    )  **SECOND AMENDED COMPLAINT FOR**
                                        )  **DAMAGES AND OTHER RELIEF**
17    vs.                               )
                                        )
18 GOOGLE LLC, a Delaware Limited       )  1. Disability Discrimination (Cal. Gov't
   Liability Company; JAMILA SMITH-LOUD,)     Code § 12940(a))
19 an individual; and DOES 1–25, inclusive, ) 2. Failure to Accommodate (Cal. Gov't
                                        )     Code § 12940(m)(1))
20                                      )  3. Failure to Engage in the Interactive
          Defendants.                   )     Process (Cal. Gov't Code § 12940(n));
21                                      )  4. Harassment (Cal. Gov't Code §
                                        )     12940(j)(1))
22                                      )  5. Disability Discrimination (42 U.S.C.
                                        )     12101, et seq.)
23                                      )  6. Failure to Accommodate (42 U.S.C.
                                        )     12101, et seq.)
24                                      )  7. Retaliation and Interference with the
                                        )     Americans with Disabilities Act (42
25                                      )     U.S.C. 12203)
                                        )  8. Race Discrimination (Cal. Gov't Code §
26                                      )     12940(a))
                                        )  9. Retaliation (Cal. Gov't Code § 12940(h))
27 _____ )
28

10. Whistleblower Retaliation (Lab. Code. § 1102.5)
11. Wrongful Termination in Violation of Public Policy
12. Failure to Prevent Discrimination, Harassment and Retaliation (Cal. Gov't Code § 12940(k))

**DEMAND FOR JURY TRIAL**

Plaintiff JALON HALL complains and alleges the following against GOOGLE LLC ("GOOGLE") and DOES 1-25 (collectively "Defendants"):

## INTRODUCTION

1.    Plaintiff, an African American, deaf woman was subjected to discrimination, harassment and retaliation based on the intersectionality of her race (Black), and disability (deafness). GOOGLE has "underleveled" and repeatedly failed to accommodate Plaintiff, and been unjustifiably critical of her work and dismissive of her requests and contributions. GOOGLE's acts of discrimination have led to Plaintiff being repeatedly denied positions for which she is well-qualified, from the inception of her employment up to the current date.   Throughout her employment, Ms. Hall has made repeated reports and complaints of discriminatory treatment to her supervisors, Human Resources, Employee Relations, and the Disability Alliance, seeking reasonable and effective accommodations, which have been met with varied responses. However, none of Ms. Hall's reports or complaints have been adequately addressed or resolved and instead, Plaintiff has been subjected to outright retaliation.

## JURISDICTION AND VENUE

2.    This court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331. This is an action arising under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

3.     This court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a). Plaintiff's claims pursuant to the Fair Employment and Housing Act are related, as all of Plaintiff's claims share common operative facts. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience and fairness to the parties.

4.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b), because the events giving rise to Plaintiff's claims occurred in this District.  Among other things, Defendants transact business in this District, and unlawfully discriminated against Plaintiff in the Northern District of California.

## **PARTIES**

5.     Plaintiff Jalon Hall is a person with a disability under Title I of the ADA and the FEHA. Plaintiff also has a record of disability within the meaning of state and federal disability nondiscrimination laws. Plaintiff is informed and believes, and thereon alleges, that Defendants also regarded her as disabled within the meaning of state and federal disability nondiscrimination laws.

6.     Plaintiff is an otherwise qualified person within the meaning of state and federal disability nondiscrimination laws, including the ADA and FEHA.

7.     At all times relevant to this complaint, Defendant GOOGLE has had at least 15 employees and is a covered entity or employer within the meaning of Title I of the ADA and FEHA.

8.     This Court has personal jurisdiction over Defendant GOOGLE, which is a limited liability company incorporated in the state of Delaware with its corporate offices and principal place of business located in Mountain View, California.

9.     Defendant JAMILA SMITH-LOUD was employed by Defendant GOOGLE as Plaintiff's manager, located in GOOGLE's Northern California office.

10.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named as Does 1–25, inclusive, are unknown to Plaintiff at this time and therefore the Doe Defendants are sued by fictitious names. Plaintiff will amend her

Complaint to substitute the true names and capacities of the Doe Defendants when they become known to Plaintiff. Plaintiff alleges, on information and belief, that each of the Doe Defendants is responsible for the wrongful acts alleged and is therefore liable to Plaintiff.

11.    Plaintiff alleges, on information and belief, that Defendants, and each of them, were, at all relevant times, the agents, employees, coconspirators, parent corporation, joint employers, alter ego, or joint venturers of the other Defendants, and each of them, and, in doing the acts alleged, were acting in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, or joint venture and with the permission and consent of each of the other Defendants.

12.    Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts or failures to act by each Defendant acting individually, jointly, or severally.

## **FACTUAL ALLEGATIONS**

13.    Plaintiff Jalon Hall is African American, female and deaf. Prior to Plaintiff's employment GOOGLE had ample notice of Plaintiff's disability and her need for reasonable accommodation.  In around June/July 2020, Ms. Hall was recruited to apply for employment with GOOGLE for the role of Content Moderation Specialist ("CMS") in the Child and Safety Department, a position for which Plaintiff was recruited based on her expertise in investigating and advocating for the disabled community.  Prior to being hired, Ms. Hall underwent three formal pre-employment interviews with the use of a sign language interpreter and one informal follow-up. In addition, in or about September 2020, Ms. Hall's medical provider submitted written documentation to GOOGLE confirming that she was deaf and required reasonable accommodations.

14.    Prior to her employment and during the interview process, Ms. Hall provided information regarding her education, prior work experience and qualifications, which should have been determinative of the Google-assigned level at which Ms. Hall would be hired.  Yet, Google delivered an offer letter to Ms. Hall which failed to indicate at what level she would be hired. Thus, Google was not only aware of Ms. Hall's qualifications, but the need to fully and reasonably

SECOND AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF

accommodate her disability so that she would not merely be employed at an entry level position but would be provided accommodations that would allow her to advance.

15.    On or around October 5, 2020, Ms. Hall began working for GOOGLE. Despite recruiting her and knowing of her disability (deaf) and her required need for accommodations, GOOGLE repeatedly discriminated against her by failing to provide reasonable accommodations including a sign language interpreter.

16.    Ms. Hall was provided with a sign-language accommodation during five days of remote onboarding, from October 5 to October 9, 2020.  However, on or about October 12, 2020, Ms. Hall's assigned interpreters were sent home, and her prior accommodation taken away.  Thereafter, interpretation was only selectively permitted for certain meetings, or trainings, purportedly due to the sensitive nature of the content.  Placement of this form of limitation on interpreters provided, or training and access would necessarily limit Plaintiff's ability to perform duties as a CMS, or any other significant role.

17.    Even when Ms. Hall was permitted to utilize an interpreter, the interpreter(s) were not allowed to assist her while investigating video content.  Additionally, because Content Moderation Specialists were not permitted to retain their cell phones while inside the "privacy rooms", this limitation isolated Ms. Hall and prevented her from using the phone as an interpretation device, and instead required her to walk roughly a half mile to where an interpreter was located in order to obtain assistance.  This time-consuming effort needlessly and negatively impacted Ms. Hall's productivity and her ability to be effective in the role.

18.    As a result of GOOGLE's refusal to provide a sign language interpreter for CMS training, Ms. Hall was reassigned from Child Safety to the Misinformation Department.  As a further consequence, Ms. Hall was informed to work from home and use an interpreter remotely.  Yet, Ms. Hall was placed at a disadvantage because training for this Department had begun over a month before.   Thereafter, Ms. Hall was processed through Misinformation training without the benefit and reasonable accommodation of a sign language interpreter.

19.    Having completed abbreviated training for the Misinformation Department, Ms. Hall started live production work.  Ms. Hall was provided with written transcriptions for her review,

which were often inaccurate, preventing Ms. Hall and her interpreter from understanding the video content.  Instead of figuring out a way to accommodate Ms. Hall, GOOGLE instructed Ms. Hall to skip the videos, a further hinderance to her ability to fully learn and succeed in her position.  Thereafter, in or around January 2021, GOOGLE informed Ms. Hall that she could no longer utilize an interpreter to view the videos due once again to purported privacy and safety concerns.

20.    During training, able-bodied GOOGLE employees were trained with the assistance of headphones that plugged into monitors.  Despite her known disability (deafness), Ms. Hall was also assigned headphones, which were useless.   Ms. Hall requested a second monitor through which a sign language interpreter could visually translate the same information that was being heard by able-bodied participants through their headphones.  However, GOOGLE refused to allow Ms. Hall access to a sign-language interpreter with the use of the second monitor.   And, because the GOOGLE instructor perceived the presence of two monitors (for Ms. Hall's accommodation) as somehow being unfair to the able-bodied employees present, the GOOGLE instructor arranged for all of the able-bodied employees to receive a second monitor.

21.    In the hope of improving her work circumstances and opportunities for advancement, and based on the expectation that it would be easier to visually process and accurately code violations, and develop new policies based on the video content, Ms. Hall agreed to be transferred back to the Child and Safety Department.  However, visual processing alone proved to be excessively taxing.

22.    On July 26, 2021, Ms. Hall was reassigned to the role of Research Analyst, but was denied the standard training normally provided for this role.  Plaintiff also failed to receive the oversight normally afforded to employees categorized as an "L2".

23.    Initially, Ms. Hall participated in Equitable AI Research Roundtable (EARR) meetings, like all other able-bodied Research Analysts, but was eventually uninvited to attend these meetings.

24.    Around this time, Ms. Hall was assigned to a new manager, Jamila Smith-Loud, who intensified the various forms of discrimination and retaliation against Ms. Hall, due to

Plaintiff's disability, persistent requests for reasonable accommodation, and complaints of not receiving the same benefits and privileges of employment enjoyed by non-disabled employees. By all indications, Manager Smith-Loud's objective was to create a trail of negative documentation in order to manage Plaintiff out of her position.

25.     These actions  included: ignoring Ms. Hall; being dismissive; use of verbal and non-verbal body language  and eye-rolling; speaking over Ms. Hall's interpreters while Ms. Hall was speaking; ignoring Ms. Hall; setting Ms. Hall up for failure by purporting to give constructive criticism while in fact providing ambiguous, non-constructive responses to Plaintiff's performance-related questions, or alternatively, nitpicking  her work; providing feedback in a delayed and protracted manner to impede her productivity; refusing to accommodate Ms. Hall's repeated requests for written recaps of meetings, or alternatively, refusing to respond to and cooperate with Plaintiff's recaps in order to document and verify the accuracy of the information being provided to Plaintiff; and refusing to provide the guidance necessary for Ms. Hall's ability to promote and advance, among other things.

26.     Over the course of her employment with GOOGLE, Ms. Hall repeatedly complained of various forms of discrimination, including: being "underleveled"; being denied positions for which she is well-qualified due to GOOGLE's failure and refusal to provide reasonable and effective accommodations; being told that her need for an interpreter and GOOGLE's purported  privacy concerns somehow justified pigeonholing Ms. Hall into selective positions or limiting her upward mobility; and being denied training opportunities readily available to able-bodied employees.

27.     In response to Ms. Hall seeking accommodations and voicing complaints of discrimination, Ms. Hall was referred to as an "aggressive, Black, deaf woman", who should "keep your mouth shut and take a sales role"; that, she was lucky to be at GOOGLE when "other Black Deaf [employees] depend on government checks"; that Ms. Hall should be grateful and not complain. (paraphrasing)

28.     As a consequence of these failures, Ms. Hall has been subjected to one or more adverse actions, including but not limited to: (a) issuance of unreasonably low and unwarranted

performance evaluations; and (b) denials of opportunities for advancement and promotion. Indicative of this, while L2 employees are typically promoted to L3 within three yearsMs. Hall was never promoted despite working at GOOGLE for over four years.  As a result of GOOGLE's disparity in treatment, failures to provide reasonable accommodation, and acts of retaliation, Ms. Hall remained an L2 for the entirety of her employment with GOOGLE.

29.    GOOGLE management intensified its campaign of retaliation against Plaintiff by, for example, demanding edit access to all of Ms. Hall's past meeting agendas without explanation; critiquing Ms. Hall's communication style; citing to alleged complaints from coworkers about Ms. Hall's communication and aligning herself with these claims; bringing in a new team member to further scrutinize Ms. Hall's work; and documenting contrived performance and communication issues in order to justify imminent termination, despite simultaneously receiving a December 13, 2024 award based on her work performance.

30.    Having failed to assist Plaintiff in meeting the goals set for her, on or about October 28, 2024, Plaintiff was threatened with termination if her performance did not immediately improve. Recognizing that goals were being set without providing the tools to meet them, Plaintiff repeatedly identified inconsistencies and red flags in the criticisms and feedback being given, only to have Plaintiff's concerns ignored or confronted with additional and/or self-servingly embellished criticisms.

31.    Having created documentation necessary to defend against Plaintiff's anticipated claim of wrongful termination, on December 16, 2024, GOOGLE terminated Ms. Hall.

32.    GOOGLE's retaliatory termination of Ms. Hall was the culmination of its pattern of discrimination, exclusion, and hostility toward Plaintiff's efforts to advocate for equal treatment.

33.    Yet, despite subjecting Ms. Hall to this discriminatory and retaliatory conduct, on multiple occasions throughout Ms. Hall's employment, GOOGLE hypocritically sought to favorably portray itself as a multicultural, disability-inclusive company, by seeking to feature Ms. Hall in media publications as a Black deaf woman.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

34.    In May 2021, Plaintiff submitted an initial charge to the Equal Employment

Opportunity Commission ("EEOC").  Plaintiff obtained a Right to Sue notice from the EEOC on September 26, 2023.

35.    On June 11, 2024, Plaintiff filed a new charge with the California Civil Rights Department ("CRD") and received a Right to Sue notice for her state law claims.

36.    On February 12, 2025, Plaintiff filed an amended charge with the California Civil Rights Department ("CRD") to address her termination and received a Right to Sue notice.

## FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION

### Cal. Gov't Code § 12940(a)

### (Against GOOGLE and Does 1-25)

37.    Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

38.    GOOGLE was, at all relevant times, an employer as that term is defined in California Government Code §12926(d).

39.    Plaintiff was GOOGLE's employee.

40.    Plaintiff is deaf, a disability as defined in California Government Code §12926, subdivision (m).  Google knew Plaintiff had a disability.

41.    Plaintiff was able to perform the essential job duties of her assigned position and other positions into which Plaintiff sought promotion, with reasonable accommodation.

42.    GOOGLE repeatedly refused to promote Plaintiff, refused to provide effective interpretive services, "underleveled" her, unfairly judged her work performance, and subjected Plaintiff to a course or pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, or privileges of Plaintiff's employment.

43.    As a direct and proximate result of GOOGLE's unlawful discrimination, GOOGLE terminated her employment on December 16, 2024.

44.    Plaintiff's disability was a substantial motivating reason for GOOGLE's actions.

45.    Plaintiff was harmed as a result of GOOGLE's conduct, and GOOGLE's conduct was a substantial factor in causing Plaintiff's harm.

46.     Government Code §12940, subdivision (a), declares it an unlawful employment practice for an employer to discriminate in compensation, the terms, conditions or privileges of employment because of disability.   The acts and conduct of GOOGLE, as described above, constitute unlawful discrimination in violation of Government Code §12940, subdivision (a).

47.     Economic damages.   As a direct and legal result of GOOGLE's conduct, Plaintiff has and will suffer special damages for lost earnings and wages in an amount not yet fully known, but in excess of $200,000.

48.     Non-economic damages.   As a direct and legal result of GOOGLE's conduct, Plaintiff has and will suffer general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proven at trial.

49.     As a direct and proximate result of GOOGLE's conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and is entitled to reasonable attorney's fees and costs of suit, pursuant to California Government Code §§12940, 12965 subdivision (b) as well as other applicable statutes.

50.     Exemplary and punitive damages.   GOOGLE, by its conduct as set forth above, has engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff, and with conscious disregard of her rights.   GOOGLE occupied a position of trust which gave it power to damage Plaintiff's ability to earn a livelihood. GOOGLE abused that position of trust by discriminating against her under the circumstances described here.   Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial.   GOOGLE's conduct in discriminating against Plaintiff was willful and oppressive and done in conscious disregard of her rights.

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE

### Cal. Gov't Code § 12940(m)(1)

### (Against GOOGLE and Does 1-25)

51.     Plaintiff repeats, realleges, and incorporates by reference the allegations

contained in all previous paragraphs as though fully set forth at length herein.

52.    Plaintiff is deaf: a disability as defined in California Government Code §12926, subdivision (m).  GOOGLE knew Plaintiff had a disability.

53.    Plaintiff was able to perform the essential job duties of her GOOGLE position and other positions into which Plaintiff sought promotion, with reasonable accommodation.

54.    Plaintiff repeatedly requested one or more reasonable accommodations, as defined in California Government Code §12926, subdivision (p) and California Code of Regulations §11065, subdivision (c).

55.    GOOGLE refused to provide Plaintiff with effective reasonable accommodations and refused to provide effective interpretive services, among other reasonable accommodations.

56.    Plaintiff was harmed as a result of GOOGLE's conduct, and GOOGLE's conduct was a substantial factor in causing Plaintiff's harm.

57.    California Government Code §12940, subdivision (m)(1), makes it unlawful for an employer to refuse to make a reasonable accommodation for the known and/or perceived disability of an employee.  The acts and conduct of GOOGLE, as alleged above, constitute an unlawful failure to accommodate Plaintiff's known or perceived disability in violation of California Government Code §12940, subdivision (m)(1).

58.    Economic damages.  As a direct and legal result of GOOGLE's conduct, Plaintiff has and will suffer special damages for lost earnings and wages in an amount not yet fully known, but in excess of $200,000.00.

59.    Non-economic damages.  As a direct and legal result of GOOGLE's conduct, Plaintiff has and will suffer general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proven at trial.

60.    As a direct and proximate result of GOOGLE's conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and is entitled to reasonable attorney's fees and costs of suit, pursuant to California Government Code §§12940, 12965 subdivision (b) as well as other applicable statutes.

61.     Exemplary and punitive damages.  GOOGLE, by its conduct as set forth above, has engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff, and with conscious disregard of her rights.  GOOGLE occupied a position of trust which gave it power to damage Plaintiff's ability to earn a livelihood.  GOOGLE abused that position of trust maliciously, fraudulently, and oppressively failing to accommodate her under the circumstances described here.  Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial.  GOOGLE's conduct was willful and oppressive and done in conscious disregard of her rights.

## THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS

### Cal. Gov't Code § 12940(n)

### (Against GOOGLE and Does 1-25)

62.     Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

63.     Plaintiff was able to perform the essential job duties with reasonable accommodation for her disability and was otherwise qualified to do her job.

64.     Plaintiff was willing to participate in an interactive process to determine what, if any, reasonable accommodation(s) Plaintiff needed to perform the essential functions of her job.

65.     GOOGLE had a continuous and ongoing duty to engage in the interactive process in order to determine reasonable and effective accommodation(s) for the Plaintiff.

66.      GOOGLE failed to participate in a timely, good-faith continuous and ongoing interactive process with Plaintiff to determine whether reasonable accommodation could be made for Plaintiff to perform her essential job functions.

67.     Plaintiff was harmed as a result of GOOGLE's conduct, and GOOGLE's conduct was a substantial factor in causing Plaintiff's harm.

68.     California Government Code §12940, subdivision (n), makes it unlawful for an employer to fail to participate in a timely good-faith interactive process with an employee to determine what reasonable accommodations, if any, would be effective in allowing Plaintiff to

return to work.  The acts and conduct of GOOGLE, as described above, constitute an unlawful failure to engage in the interactive process in violation of California Government Code §12940, subdivision (n).

69.    Economic damages.  As a direct and legal result of GOOGLE's conduct, Plaintiff has and will suffer special damages for lost earnings and wages in an amount not yet fully known, but in excess of $200,000.

70.    Non-economic damages.  As a direct and legal result of GOOGLE's conduct, Plaintiff has and will suffer general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proven at trial.

71.    As a direct and proximate result of GOOGLE's conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and is entitled to reasonable attorney's fees and costs of suit, pursuant to California Government Code §§12940, 12965 subdivision (b) as well as other applicable statutes.

72.    Exemplary and punitive damages.  GOOGLE, by its conduct as set forth above, has engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff, and with conscious disregard of her rights.  GOOGLE occupied a position of trust which gave it power to damage Plaintiff's ability to earn a livelihood. GOOGLE abused that position of trust by maliciously, fraudulently, and oppressively failing to engage in the interactive process under the circumstances described here.  Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial.  GOOGLE's conduct was willful and oppressive and done in conscious disregard of her rights.

## FOURTH CAUSE OF ACTION

### HARASSMENT

### Cal. Gov't Code § 12940(j)(1)

### (Against GOOGLE, SMITH-LOUD and Does 1-25)

73.    Plaintiff incorporates by reference each and every allegation contained in all of the paragraphs above as though fully set forth at length herein.

74.    Jamila Smith-Loud was and is Plaintiff's direct supervisor.

75.    Defendant Smith-Loud, while acting in the course and scope of her employment with GOOGLE, subjected Plaintiff to unwanted harassing conduct due to the intersection of Plaintiff's disability and race.  GOOGLE's and Smith-Loud's conduct includes, among other things, ignoring Ms. Hall and being dismissive, both verbally and non-verbally, such as with body language  and eye-rolling; speaking over Ms. Hall's interpreters while Ms. Hall is "speaking" and signing; offering Ms. Hall ambiguous responses to performance-related questions; providing untimely feedback in a delayed and protracted manner and thereby impeding Plaintiff's productivity; alternatively, nitpicking  Ms. Hall's work; refusing to accommodate Ms. Hall's repeated requests for  written recaps of meetings in order to accommodate Plaintiff's hearing impairment; alternatively, refusing to respond to and verify Ms. Hall's  recaps, so that Ms. Hall could ensure (and document) the accuracy of the information being provided to Plaintiff; and refusing to provide required guidance necessary for Ms. Hall's ability to promote and advance.

76.    Other GOOGLE supervisors referred to Ms. Hall as an "aggressive, Black, deaf woman", who should "keep your mouth shut and take a sales role"; that, Plaintiff was lucky to be at GOOGLE when "other Black Deaf [employees] depend on government [welfare] checks"; and, in response to Ms. Hall seeking accommodations and voicing complaints of discrimination, Ms. Hall was told that she should be grateful and not complain (paraphrasing).

77.    The conduct of Smith-Loud, GOOGLE's and others was severe or pervasive and a reasonable person in Plaintiff's circumstances would have considered the work environment created to be hostile or abusive.

78.    Plaintiff did in fact consider the work environment to be hostile or abusive.

79.    GOOGLE supervisors, managers and co-workers engaged in harassing conduct. GOOGLE's agents or supervisors knew or should have known of the harassing conduct and failed to take appropriate or effective corrective action.

80.    Plaintiff was harmed as a result of GOOGLE's and Smith-Loud's conduct, which was a substantial factor in causing Plaintiff's harm.

81.    Government Code §12940, subdivision (j), declares it unlawful for an employer to

harass an employee because of a physical disability and/or their race. The acts and conduct of GOOGLE, as described above, constitute unlawful discrimination in violation of Government Code §12940, subdivision (j).

82.     Government Code §12940, subdivision (j), declares it an unlawful for a supervisor to harass an employee because of a physical disability and/or their race. The acts and conduct of Smith-Loud, as described above, constitute unlawful discrimination in violation of Government Code §12940, subdivision (j).

83.     Economic damages. As a direct and legal result of Defendants' conduct, Plaintiff has and will suffer special damages for lost earnings and wages in an amount not yet fully known, but in excess of $200,000.

84.     Non-economic damages. As a direct and legal result of Defendants' conduct, Plaintiff has and will suffer general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proven at trial.

85.     As a direct and proximate result of Defendants' conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and is entitled to reasonable attorney's fees and costs of suit, pursuant to California Government Code §§12940, 12965 subdivision (b) as well as other applicable statutes.

86.     Exemplary and punitive damages. Defendants, by their conduct as set forth above, has engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff, and with conscious disregard of her rights. Defendants occupied a position of trust which gave them power to damage Plaintiff's ability to earn a livelihood. Defendants abused that position of trust by maliciously, fraudulently, and oppressively harassing her under the circumstances described here. Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial. Defendants' harassing conduct against Plaintiff was willful and oppressive and done in conscious disregard of her rights.

///

///

**FIFTH CAUSE OF ACTION**

**DISABILITY DISCRIMINATION**

**Americans with Disabilities Act**

**42 U.S.C. § 12101, et seq.**

**(Against GOOGLE and Does 1-25)**

87.    Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

88.    The ADA prohibits an employer from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to . . . other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

89.    At all times relevant herein, Plaintiff was and is a qualified individual with a disability and able to perform all the essential functions of her position with or without accommodation.

90.    As alleged herein, Defendants discriminated against Plaintiff because of her disability in violation of Plaintiff's rights under the ADA to be free from disability-based discrimination in employment.

91.    As a direct and proximate result of these unlawful acts, Plaintiff has and will suffer special damages for lost earnings and wages in an amount not yet fully known, but in excess of $200,000.

92.    As a further proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer injuries, including emotional injuries.

93.    Plaintiff is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

94.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's rights.  Accordingly, Plaintiff is entitled to an award of punitive damages.

///

///

## SIXTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE

### Americans with Disabilities Act

### 42 U.S.C. § 12101, et seq.

### (Against GOOGLE and Does 1-25)

95.    Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

96.    An employer must provide reasonable accommodation to its employees with disabilities, and may be required to engage in an interactive process with an employee who needs reasonable accommodation. 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.2(o)(3).

97.    Throughout her employment, Plaintiff has requested reasonable accommodation, and Defendants knew or should have known that accommodation was needed to allow Plaintiff to effectively receive information and communicate.  Defendants failed to accommodate Plaintiff or to implement policies, procedures, and practices to ensure effective communication.

98.    In failing to accommodate Plaintiff and in failing to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations, Defendants violated the ADA.

99.    As a direct and proximate result of these unlawful acts, Plaintiff has and will suffer special damages for lost earnings and wages in an amount not yet fully known, but in excess of $200,000.

100.    As a further proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer injuries, including emotional injuries.

101.    Plaintiff is entitled to compensatory damages, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

102.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's rights.  Accordingly, Plaintiff is entitled to an award of punitive damages.

///

SECOND AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF

**SEVENTH CAUSE OF ACTION**

**Retaliation and Interference with the Americans with Disabilities Act**

**42 U.S.C. § 12203**

**(Against GOOGLE and Does 1-25)**

103.    Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length here.

104.    The ADA prohibits any person from discriminating against any individual for opposing any act made unlawful by the Act, and from interfering with any individual in the exercise or enjoyment of his or her rights under the Act. 42 U.S.C. § 12203(a), (b).

105.    By requesting accommodations for her disability, Plaintiff engaged in protected activities under the ADA, and was exercising or attempting to exercise her rights.

106.    By refusing to grant Plaintiff's request for accommodations, imposing unwarranted discipline, harassment, persistent underleveling and instituting unjustified barriers to promote, Defendants retaliated against Plaintiff and interfered with her rights under the ADA.

107.    As a direct and proximate result of these unlawful acts, Plaintiff has and will suffer special damages for lost earnings and wages in an amount not yet fully known, but in excess of $200,000.

108.    As a further proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer injuries, including emotional injuries.

109.    Plaintiff is entitled to compensatory damages, lost wages, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

110.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's rights. Accordingly, Plaintiff is entitled to an award of punitive damages.

///

///

///

**EIGHTH CAUSE OF ACTION**

**RACE DISCRIMINATION**

**Cal. Gov't Code § 12940(a)**

**(Against GOOGLE and Does 1-25)**

111.    Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length here.

112.    Government Code section 12940, subdivision (a) declares it an unlawful employment practice for an employer to discriminate in compensation, or the terms, conditions or privileges of employment because of race.  The acts and conduct of Defendant, as described above, constitute unlawful discrimination in violation of Government Code section 12940, subdivision (a).

113.    Plaintiff, an African American woman, has been employed by Defendant since on or about October 5, 2020.

114.    Plaintiff was qualified for the jobs she held as evidenced by GOOGLE's efforts to recruit her.

115.    GOOGLE repeatedly refused to promote Plaintiff, refused to provide effective interpretive services, "underleveled" her, unfairly judged her work performance, and made offensive remarks about her race, and otherwise subjected Plaintiff to a course or pattern of conduct that materially and adversely affected the terms, conditions, or privileges of her employment, culminating in her termination.

116.    Plaintiff's race was a substantial motivating reason for GOOGLE's actions.

117.    Plaintiff was harmed as a result of GOOGLE's conduct, and GOOGLE's conduct was a substantial factor in causing Plaintiff's harm.

118.    Government Code §12940, subdivision (a), declares it an unlawful employment practice for an employer to discriminate in compensation, the terms, conditions or privileges of employment because of disability.  The acts and conduct of GOOGLE, as described above, constitute unlawful discrimination in violation of Government Code §12940, subdivision (a).

119.    Economic damages.  As a direct and legal result of GOOGLE's conduct, Plaintiff

has and will suffer special damages for lost earnings and wages in an amount not yet fully known, but in excess of $200,000.

120.    Non-economic damages.  As a direct and legal result of GOOGLE's conduct, Plaintiff has and will suffer general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proven at trial.

121.    As a direct and proximate result of GOOGLE's conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and is entitled to reasonable attorney's fees and costs of suit, pursuant to California Government Code §§12940, 12965 subdivision (b) as well as other applicable statutes.

122.    Exemplary and punitive damages.  GOOGLE, by its conduct as set forth above, has engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff, and with conscious disregard of her rights.  GOOGLE occupied a position of trust which gave it power to damage Plaintiff's ability to earn a livelihood. GOOGLE abused that position of trust by discriminating against her under the circumstances described here.  Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial.  GOOGLE's conduct in discriminating against Plaintiff was willful and oppressive and done in conscious disregard of her rights.

**NINTH CAUSE OF ACTION**

**RETALIATION**

**Cal. Gov't Code § 12940(h), (m)(2)**

**(Against GOOGLE and Does 1-25)**

123.    Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

124.    Plaintiff engaged in protected activity by, among other things, complaining to her superiors, human resources and the Equal Employment Opportunity Commission about and otherwise opposing GOOGLE and SMITH-LOUD's acts of harassment and discrimination toward Plaintiff, including disparity in treatment, requesting reasonable  accommodations for her

disability as defined in California Government Code §12926, subdivision (p) and California Code of Regulations §11065, subdivision (c), and complaining about GOOGLE's failure to fully or adequately accommodate her.

125.    In response to Plaintiff's protected activity, GOOGLE and Does 1-25 took one or more adverse actions against her, including but not limited to: reassigning her to different roles, denying her reasonable accommodations, imposing unwarranted discipline, subjecting her to ongoing harassment, persistently underleveling her, erecting unjustified barriers to promotion, and ultimately terminating her employment.

126.    Plaintiff's engagement in protected conduct was a substantial motivating reason for one or more adverse actions taken by GOOGLE against Plaintiff.

127.    Plaintiff was harmed as a result of GOOGLE's conduct, and GOOGLE's conduct was a substantial factor in causing Plaintiff's harm.

128.    California Government Code §12940, subdivision (m)(2), makes it unlawful for an employer to retaliate against a person for engaging in protected conduct.  Additionally, California Government Code §12940, subdivision(h) for any employer to otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint.  The acts and conduct of GOOGLE, as described above, constitute an unlawful retaliation in violation of California Government Code §12940, subdivision (m)(2) and subdivision (h).

129.    Economic damages.  As a direct and legal result of GOOGLE's conduct, Plaintiff has and will suffer special damages for lost earnings and wages in an amount not yet fully known, but in excess of $200,000.

130.    Non-economic damages.  As a direct and legal result of GOOGLE's conduct, Plaintiff has and will suffer general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proven at trial.

131.    As a direct and proximate result of GOOGLE's conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel and is entitled to reasonable attorney's fees and

costs of suit, pursuant to California Government Code §§12940, 12965 subdivision (b) as well as other applicable statutes.

132.   Exemplary and punitive damages.  GOOGLE, by its conduct as set forth above, has engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff, and with conscious disregard of her rights.   GOOGLE occupied a position of trust which gave it power to damage Plaintiff's ability to earn a livelihood. GOOGLE abused that position of trust by maliciously, fraudulently, and oppressively retaliating against her under the circumstances described here.  Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial.  GOOGLE's conduct was willful and oppressive and done in conscious disregard of her rights.

### TENTH CAUSE OF ACTION

**WHISTLEBLOWER RETALIATION**
**in Violation of Labor Code § 1102.5**
**(Against GOOGLE and Does 1-25)**

133.   Plaintiff incorporates by reference each and every allegation contained in all of the paragraphs above as though fully set forth here.

134.   Plaintiff engaged in one or more forms of protected conduct including but not limited to:

   a.   complaining about and otherwise opposing acts of harassment, discrimination;

   b.   making requesting reasonable accommodations for her disability as defined in California Government Code §12926, subdivision (p) and California Code of Regulations §11065, subdivision (c);

   c.   complaining about failure to fully or adequately accommodate;

   d.   complaining about disparity in treatment such that Plaintiff is denied the benefits and privileges of employment granted to able-bodied employees.

135.   Plaintiff was an employee of Defendants when she engaged in protected

conduct, by making reports and complaints, and refusing to participate in various unlawful activities committed by Defendants and/or Defendants' agents or employees.

136.    Plaintiff had reasonable cause to believe Google's actions violated a local, state, and/or federal rule or regulation, including but not limited to, the California Fair Employment and Housing Act, including California Government Code §12926, subdivision (p) and California Code of Regulations §11065, subdivision (c), and 42 U.S.C. § 12203(a), (b), among others.

137.    In response to Plaintiff's protected conduct, Plaintiff was subjected to one of more adverse actions, as delineated above, and was ultimately terminated. Plaintiff's protected activity was a contributing factor in Defendant's decisions to take adverse actions, including termination.

138.    Economic damages.  As a direct and proximate result of Defendants' conduct, Plaintiff has and will continue to suffer special damages for lost earnings and wages in an amount not yet fully known, but in excess of the jurisdictional limits of this Court.

139.    Non-economic damages.  As a direct and proximate result of Defendants conduct, Plaintiff has and will suffer general damages including, but not limited to, pain and suffering, humiliation, shame, embarrassment, emotional distress, and damage to his reputation, all in an amount exceeding the jurisdictional limits of this Court and to be proven at trial.

140.    In addition, Defendants, and each of them, are responsible for interest, penalties, costs, and attorney fees related to this cause of action.

141.    Because these wrongful acts were carried out by Defendants acting with malice, oppression or fraud, or were deliberate, willful, and in conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this complaint, Plaintiff seeks punitive damages against Defendants, and each of them, in order to deter similar conduct in the future.

## ELEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against GOOGLE and Does 1-25)

142.    Plaintiff repeats, realleges, and incorporates by reference the allegations

contained in all previous paragraphs as though fully set forth at length herein.

143.    During the relevant period, Plaintiff was employed by GOOGLE.

144.    On or about December 16, 2024, GOOGLE wrongfully terminated Plaintiff's employment in direct retaliation for her repeated complaints of discrimination, harassment, and GOOGLE's failure to provide reasonable accommodations.

145.    In the months leading up to her termination, GOOGLE engaged in a deliberate and escalating pattern of retaliation against Plaintiff, creating intolerable working conditions and ultimately terminating her employment. These retaliatory actions included, but were not limited to: issuing unjustified negative performance evaluations that failed to account for GOOGLE's prior failure to provide necessary accommodations, including effective interpretive services, which directly impaired Plaintiff's ability to perform essential job functions; systematically underleveling Plaintiff, thereby limiting her career advancement, compensation, and professional recognition despite her qualifications and experience; unilaterally reassigning Plaintiff to a research role in a manner that isolated her from meaningful career opportunities and reduced her need for real-time interpretive services; imposing shifting and/or inscrutable expectations that obstructed her path to promotion; and excluding Plaintiff from collaborative meetings and key discussions necessary for her job performance.

146.    Plaintiff's termination was in violation of fundamental public policies embodied in: California Fair Employment and Housing Act ("FEHA") (Cal. Gov't Code § 12940 *et seq.*); California Constitution, Article I, Section 8; California Labor Code § 1102.5; and California Labor Code § 6310.

147.    GOOGLE's wrongful termination of Plaintiff was retaliatory, pretextual, and carried out in knowing and willful violation of these fundamental public policies.

148.    As a direct and proximate result of GOOGLE's wrongful termination of Plaintiff, Plaintiff has suffered and will continue to suffer substantial economic and non-economic damages, including but not limited to: lost wages and employment benefits; harm to her professional reputation and career advancement; emotional distress, humiliation, and mental anguish; and other damages in an amount to be proven at trial.

149.    As a further direct and proximate result of GOOGLE's conduct, Plaintiff has been compelled to retain legal counsel and is entitled to recover attorney's fees and costs of suit pursuant to applicable law.

150.    The wrongful termination of Plaintiff's employment was carried out with malice, oppression, and/or fraud, entitling Plaintiff to an award of punitive damages in an amount to be determined at trial.

## TWELFTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION, HARASSMENT & RETALIATION

### Cal. Gov't Code § 12940(k)

### (Against GOOGLE and Does 1-25)

151.    Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

152.    GOOGLE subjected Plaintiff to discrimination and harassment on the basis of her disability and/or race.

153.    GOOGLE subjected Plaintiff to retaliation based on Plaintiff's disability and/or race, and Plaintiff's engagement in protected conduct during the course of her employment, and described in further detail above.

154.    GOOGLE failed to take all reasonable steps to prevent discrimination, harassment, and retaliation.

155.    Plaintiff was harmed as a result of GOOGLE's conduct, and GOOGLE's conduct was a substantial factor in causing Plaintiff's harm.

156.    California Government Code §12940, subdivision (k) provides that it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination from occurring.  GOOGLE's conduct, as described above, constitutes a failure to take all reasonable steps necessary to prevent discrimination in violation of California Government Code §12940, subdivision (k).

157.    Economic damages.  As a direct and legal result of GOOGLE's conduct, Plaintiff has and will suffer special damages for lost earnings and wages in an amount not yet fully known,

but in excess of $200,000.00.

158.    Non-economic damages.  As a direct and legal result of GOOGLE's conduct, Plaintiff has and will suffer general damages including, but not limited to, damage to her reputation, pain and suffering, humiliation, embarrassment, and emotional distress, all in an amount to be proven at trial.

159.    As a direct and proximate result of GOOGLE's conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and is entitled to reasonable attorney's fees and costs of suit, pursuant to California Government Code §§12940, 12965 subdivision (b) as well as other applicable statutes.

160.    Exemplary and punitive damages.  GOOGLE, by its conduct as set forth above, has engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff, and with conscious disregard of her rights.  GOOGLE occupied a position of trust which gave it power to damage Plaintiff's ability to earn a livelihood.  GOOGLE abused that position of trust by maliciously, fraudulently, and oppressively failing to prevent discrimination, harassment, and retaliation under the circumstances described here.  Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial.  GOOGLE's conduct was willful and oppressive and done in conscious disregard of her rights.

## **PRAYER FOR RELIEF**

Plaintiff prays for relief as follows:

1.    For economic and special damages according to proof at trial;

2.    For punitive and exemplary damages according to proof at trial;

3.    For pre-judgment and post-judgment interest at the legal rate;

4.    For attorney's fees and costs;

5.    A declaration of Plaintiff's fair employment rights and Defendant's antidiscrimination duties and responsibilities, and a declaration of the illegality of Defendant's actions and failures here;

6.    An injunction requiring Defendant GOOGLE to better train its staff on harassment, discrimination and retaliation based on disability and race, and to develop effective

policies and procedures to ensure that when discrimination and harassment is reported, the company takes effective remedial measures; and

      7.    For such further relief as the Court may deem just and proper.

DATED: February 28, 2025             TONI JARAMILLA, A Professional Law Corp.

                                          ALEXANDER MORRISON + FEHR LLP

                       By:    ***s/ Britt Karp***_____
                                    Toni J. Jaramilla
                                    J. Bernard Alexander, III
                                    Britt L. Karp
                                    Hayley M. Solarz

                                    Attorneys for Plaintiff
                                    JALON HALL

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

DATED: February 28, 2025             TONI JARAMILLA, A Professional Law Corp.

                                          ALEXANDER MORRISON + FEHR LLP

                       By:    ***s/ Britt Karp***_____
                                    Toni J. Jaramilla
                                    J. Bernard Alexander, III
                                    Britt L. Karp
                                    Hayley M. Solarz

                                      Attorneys for Plaintiff
                                    JALON HALL

SECOND AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF