UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JALON R. HALL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-06574-JST<br><br>**ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER AND GRANTING MOTION TO PROHIBIT PLAINTIFF'S RELIANCE ON EXPERT WITNESSES**<br><br>Re: ECF No. 86, 87 |

Before the Court are Plaintiff Jalon Hall's *ex parte* motion to modify the scheduling order, ECF No. 86, and Defendants Google LLC and Jamila Smith-Loud's (together, "Defendants") motion to prohibit Hall's reliance on experts, ECF No. 87. The Court will deny Hall's motion and grant Defendants' motion.

**I.    MOTION TO MODIFY SCHEDULING ORDER**

Hall seeks two modifications to the Court's Scheduling Order: First, she requests that the expert-disclosure deadline be extended from the original March 28, 2025 deadline to July 11, 2025, to accommodate her untimely expert disclosure on April 30, 2025. Second, she seeks to extend the fact discovery deadline from May 9, 2025, to July 11, 2025, to depose defense witnesses that she noticed in the final week of discovery. Hall seeks this relief under Federal Rules of Civil Procedure 16(b)(4) and 6(b)(1)(B), arguing that her missed expert disclosure deadline and belated deposition notices were the result of excusable neglect and that good cause exists to extend the fact discovery cutoff.

Federal Rule of Civil Procedure 16(b) requires the district court to issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(1)-(3). Once in place, "[a] schedule may be modified only for

good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement primarily considers the diligence of the party seeking amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (internal quotation marks and citation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end." *Id.* (internal citation omitted).

Under Federal Rule of Civil Procedure 6(b), "(1) When an act . . . must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on a motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "The determination as to whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Jacobsen v. California*, No. 1:14-cv-00108-JLT (PC), 2016 WL 7616705, at *7 (E.D. Cal. Dec. 29, 2016) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "A proper analysis includes the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay including whether it was within Plaintiff's reasonable control, and whether Plaintiff acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395); *see also In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007). Because Hall has not demonstrated that she pursued discovery diligently or that her failure to timely serve her expert disclosure was due to excusable neglect, the Court denies her motion.

As a general matter, while Hall's counsel cites disruptions including staff turnover, trial conflicts, and a mistaken belief that a stipulation had been filed, *see* ECF No. 86 at 3, these circumstances were entirely within their control. Notably, Hall did not file any motion to extend the expert disclosure deadline until May 6—nearly 40 days after it expired. ECF No. 86. And despite Hall representing that she would serve a written expert report by May 12, 2025, Defense counsel's declaration states that no report has been produced as of May 29, 2025. ECF No. 95-1 ¶

2. Similarly, Hall waited until April 30, 2025—the final week of discovery—to notice six depositions without even meeting and conferring with Defendants, as required. *See* ECF No. 89 at 5; ECF No. 89-1 ¶ 8. Hall had ample time during the discovery period to pursue these depositions and cannot now claim unfairness due to a crisis of her own making.

Further, the Court finds that Hall has not demonstrated excusable neglect under the *Pioneer* factors. First, the requested modification would prejudice Defendants. Hall failed to disclose her expert by the March 28, 2025 deadline, and her late disclosure on April 30 did not include the expert report required by Rule 26(a)(2)(B). This left Defendants with only seven business days to respond before their rebuttal disclosure deadline of May 9. The late disclosure not only disrupted the expert discovery schedule but also forced Defendants to forgo designating rebuttal experts in reliance on Hall's noncompliance. Moreover, Hall's simultaneous effort to schedule six depositions during the last three business days of discovery—without conferring with Defendants—further hampered their ability to prepare their case within the existing timeline.

Second, the delay here is not de minimis. Hall served her expert disclosure 33 days late and, as of May 29, 2025, still had not produced the required expert report—despite stating that it would be delivered by May 12. Her motion to modify the schedule was filed 39 days after the deadline had already passed. Extending expert and fact discovery to July 11, 2025, would require a significant restructuring of the pretrial schedule and would unnecessarily compress the time available for dispositive motions and trial preparation.

Third, Hall's asserted reasons for the delay—staff turnover, overlapping trial obligations, and a mistaken belief that a stipulation had been filed—were largely within her counsel's reasonable control. The resignation of an associate attorney weeks before the deadline, the failure to confirm whether a stipulation had been filed, and a support staff member's calendaring error all reflect a breakdown in internal office management—not unavoidable external disruption. *See Davis v. Johnson*, 2007 WL 1834846, at *2 (E.D. Cal. June 26, 2007) ("A solo practitioner's 'busy practice' and preparation of other cases does not establish excusable neglect under F.R.Civ.P. 6(b)(2)."); *Andreoli v. Youngevity Int'l, Inc.*, 2018 WL 5084782, at *3 (S.D. Cal. Oct. 17, 2018) ("The Court is unpersuaded by Plaintiff's argument that a change in Plaintiff's principal counsel of

1  record and a resulting switch in the support staff tasked with calendaring deadlines amounts to
2  excusable neglect."). Moreover, Hall's counsel was well aware of the Court's deadlines for
3  months but failed to take any timely steps to seek relief. *See Davis*, 2007 WL 1834846, at *2
4  ("Lack of an acceptable explanation for failure to act earlier warrants denial of F.R.Civ.P. 6(b)
5  relief.").

6        Finally, while the Court does not necessarily find that Hall acted in bad faith, she did not
7  act promptly to prevent or correct her belated expert disclosure and waited until the eve of the
8  discovery cutoff to serve both the deficient expert disclosure and the batch of deposition notices.
9  That behavior reflects a pattern of carelessness rather than a single isolated oversight. Although
10 the absence of bad faith is a mitigating consideration, it does not excuse the failure to comply with
11 the rules or demonstrate diligence required to warrant relief under *Pioneer*.

12       Accordingly, the motion to modify the scheduling order is denied.

## II.   MOTION TO PROHIBIT HALL'S RELIANCE ON EXPERT TESTIMONY

14       Relatedly, Defendants seek to exclude Hall's belated expert disclosure and to bar any
15 reliance on expert testimony under Federal Rules of Civil Procedure 26 and 37. The motion is
16 based on Plaintiff's failure to timely disclose her expert in accordance with the Court's Scheduling
17 Order and her failure to provide the expert report required by Rule 26(a)(2)(B).

18       Under Rule 26(a)(2)(B), a party must disclose a written expert report that contains, among
19 other things, a complete statement of opinions, bases, and supporting materials. Federal Rule of
20 Civil Procedure 37(c)(1) provides: "If a party fails to provide information or identify a witness as
21 required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply
22 evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is
23 harmless." In addition to, or instead of that sanction, the court may also impose any of the other
24 appropriate sanctions provided for in Rule 37. Fed. R. Civ. P. 37(c)(1)(A)-(C). "The party facing
25 sanctions bears the burden of proving that its failure to disclose the required information was
26 substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d
27 1240, 1246 (9th Cir. 2012).

28       "Rule 37(c)(1) 'gives teeth' to Rule 26's disclosure and supplementation requirements,

4

including the requirement that parties disclose . . . expert reports 'at the times and in the sequence that the court orders.'" *Martinez v. County of San Benito*, No. 15-cv-00331-JST, 2018 WL 1863013, at *2 (N.D. Cal. Apr. 18, 2018) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Fed. R. Civ. P. 26(a)(2)(d)) (finding the plaintiff's expert disclosure failed to comply with Federal Rule 26(a)(2)(B) for failure to provide a required report and denying the plaintiff's motion to amend the deficient expert disclosure).

The Court's Scheduling Order required expert disclosures by March 28, 2025. ECF No. 73. Hall did not serve an expert disclosure by that date. Instead, she served a disclosure on April 30, 2025—thirty-three days late—and without the accompaniment of a written report as required by Federal Rule of Civil Procedure 26(a)(2)(B).

For similar reasons as those discussed above regarding Hall's motion to modify the schedule, the Court finds that Hall has neither shown that the late disclosure was harmless or that it was substantially justified due to factors that were largely of her counsel's own making.

Hall's reliance on internal miscommunications, calendaring errors, and isolated events such as wildfires[1] and staff departures does not absolve her legal counsel of their professional obligations. Counsel was fully aware of the Scheduling Order and failed to secure either a stipulation or leave from the Court to modify the deadlines. The reasons put forward by Hall reflect, at best, negligence—not substantial justification.

Furthermore, Hall's untimely disclosure is not harmless. "Disruption to the schedule of the court and other parties in that manner is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005). Indeed, Defendants assert that they made

---

[1] The Court acknowledges that the January 2025 Southern California wildfires caused massive disruption to the personal and professional lives of thousand of Southern California residents. *See* Wikipedia, "January 2025 Southern California Wildfires" (https://en.wikipedia.org/wiki/January_2025_Southern_California_wildfires) (last visited June 8, 2025) (permalink https://perma.cc/Q3M8-CQ5W). Were that the only asserted cause of Plaintiff's counsel's failures, this would be a different case. Also, assuming that the Southern California fires were in fact a cause of Plaintiff's counsel's inability to comply with the case deadlines, they could have, but did not, request an accommodation from opposing counsel.

5

strategic decisions relying on the absence of a timely expert disclosure, including not engaging rebuttal experts. *See* ECF No. 87 at 7. Hall's suggestion that Defendants could have sought extensions or mitigated the issue is unavailing, *see* ECF No. 93 at 7, because it was *Hall's* burden to comply with the disclosure requirements and communicate proactively—rather than seek relief after the fact. Notably, Hall's noncompliance is ongoing: while Hall represented that a written expert report would be served by May 12, 2025, Defense counsel's declaration states that no report had been produced as of May 29, 2025. ECF No. 95-1 ¶ 2. Hall's opposition—filed ten days after the date by which she indicated she would serve the expert report—does not even acknowledge this failure or attempt to offer any explanation. *See generally* ECF No. 93.

Finally, Hall's conduct in this case was willful. "'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985)). Hall has not persuaded the Court that the delays at issue were outside her control. To the contrary, Hall's inability to satisfy the expert disclosure deadlines in this case appear to be entirely of her counsel's own making. *See Martinez*, 2018 WL 1863013, at *2. And Hall did not attempt to meet and confer or otherwise communicate with Defendants at any point *prior* to serving her expert disclosure more than a month after the deadline.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Prohibit Plaintiff's Reliance on Experts is granted, and Hall's motion to modify the case schedule is denied. Hall may not offer expert testimony or rely on expert opinions, including those of Dr. Michele Cooley-Strickland, in this matter.

**IT IS SO ORDERED.**

Dated: June 9, 2025

_____
JON S. TIGAR
United States District Judge