UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JALON R. HALL,<br><br>        Plaintiff,<br><br>v.<br><br>GOOGLE LLC, et al.,<br><br>        Defendants. | Case No. 23-cv-06574-JST<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: ECF No. 100 |

Before the Court is Plaintiff Jalon Hall's motion for leave to file a second amended complaint. ECF No. 100. The Court will grant the motion.

## I. BACKGROUND

Hall filed her initial complaint on December 21, 2023. ECF No. 1. After the parties stipulated to allow Hall to amend her complaint, Hall filed her first amended complaint on August 26, 2024. ECF No. 49. Hall alleges that she was terminated by Defendant Google LLC ("Google") on December 16, 2024. *See* ECF No. 100 at 3; *see also* ECF No. 71 at 3. Hall informed the Court of her intention to file a second amended complaint to address Hall's termination in the parties' joint case management statement filed on January 7, 2025. ECF No. 71 at 3. The Court set a deadline of February 28, 2025, for Hall to amend her pleading. ECF No. 73. Hall then filed a second amended complaint on February 28, 2025. ECF No. 77. On March 27, 2025, Defendants moved to strike Hall's second amended complaint because it violated the requirements of Rule 15 by amending without leave of Court or Defendants' consent. ECF No. 81. On June 2, 2025, the Court granted Defendants' motion to strike. ECF No. 96.

On June 9, 2025, Hall filed her motion for leave to file a second amended complaint now before the Court. ECF No. 100.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court considers five factors in deciding a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended its complaint. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). The rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Generally, a court should determine whether to grant leave "with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Requests to modify a scheduling order made after the Court has set a deadline for amending the pleadings are governed by Federal Rule of Civil Procedure 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Rule 16 requires "good cause" and the consent of the Court to amend a scheduling order. Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy," the good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*; *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737. "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

2

### III. DISCUSSION

The Court finds that there is good cause to amend the scheduling order to permit the filing of a second amended complaint because Hall was reasonably diligent in seeking amendment.

Hall acted diligently in seeking to file a second amended complaint in regard to her December 16, 2024, termination by Google. As summarized in the background section above, Hall informed Defendants and the Court of her intention to amend her complaint three weeks after her termination. She then filed her second amended complaint—albeit improperly given that she did not have leave of Court or consent of Defendants to do so—by February 28, 2025, to comply with the Court's scheduling order. There was no further delay on her part—as she filed the instant motion a week after the Court struck her proposed second amended complaint. Hall thus acted diligently in amending her complaint soon after her termination. *See Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 655 (N.D. Cal. 2025) (finding good cause to exist where party sought amendment soon after discovering the basis for the amendment)

Moving on the Rule 15(a) factors, the Court finds that there is not strong evidence of undue delay or bad faith, and that any prejudice to Defendants would be minimal. As discussed above, Hall acted diligently in pursuing amendment. And while Hall incorrectly interpreted the requirements of Rule 15 by filing her initial second amended complaint without leave of Court, the Court does not find that she acted in bad faith by doing so or in declining to withdraw the second amended complaint at Defendants' request, *see* ECF No. 108 at 3. Finally, Defendants primarily cite to the need to amend the scheduling order and the disruption to their upcoming summary judgment motion as evidence of prejudice. ECF No. 108 at 8–9. But the Court is unpersuaded that granting Hall leave to file her narrow amendment—the additional reference to her December 16, 2024, termination as an adverse action in support her retaliation claim—will significantly or unduly delay proceedings.

### CONCLUSION

For the foregoing reasons, the Court grants Hall's motion for leave to file a second amended complaint. Within 7 days of this order, Hall may file a second amended complaint consistent with this order.

The parties shall meet and confer and file a joint statement proposing an amended scheduling order within 14 days of this order.

**IT IS SO ORDERED.**

Dated: July 16, 2025



JON S. TIGAR
United States District Judge