UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JALON R. HALL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE LLC, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-06574-JST<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY**<br><br>Re: ECF No. 138 |

Before the Court is Plaintiff Jalon Hall's motion for leave to file a reply in support of her motion for partial summary judgment. ECF No. 138. The Court will deny the motion.

Hall and Defendants Google LLC and Jamila Smith-Loud entered a stipulation on July 3, 2025 regarding the briefing schedule for summary judgment. ECF No. 111. The parties stipulated that "[t]o facilitate cross-motions for summary judgment in conformity with the Court's rules and without modification to the scheduling order, Plaintiff has agreed to waive her right to file a reply brief in support of her impending motion for summary judgment." *Id* at 2. The Court granted the stipulation. ECF No. 124.

Defendants filed their motion for summary judgment on August 12, 2025. ECF No. 127. Hall filed her opposition and motion for partial summary judgment on September 4, 2025. ECF No. 132. On September 15, 2025, Defendants filed a motion to strike three declarations attached to Hall's motion on the basis that the declarants had never been disclosed as required by Rule 26(a) and (e) of the Federal Rules of Civil Procedure. ECF No. 136. Defendants also filed their opposition and response to the cross-motions on September 16, 2025. ECF No. 137. Nine days after the last brief was filed, Hall filed a motion for leave to file a reply. ECF No. 138. Hall argues that the Court should grant her the opportunity to submit a reply brief because of "new

arguments, evidentiary objections, and [demands for] affirmative relief" made in the Defendants' opposition/response brief and motion to strike. *Id.* at 2. Hall claims she needs to respond to Defendants' several evidentiary objections and requests that the Court exclude or strike documents and declarations filed in support of Hall's motion. *Id*. at 3. Hall claims that the stipulation stated "that Plaintiff could seek leave to file a reply if Defendants raised new factual or legal arguments in opposition." *Id*. at 2. Defendants oppose the motion, arguing that the local rules required them to include evidentiary objections in their opposition/response brief and that they could not have raised evidentiary objections to Hall's own motion and opposition in their opening briefs. ECF No. 140 at 2.

The Court will deny Hall's motion for leave to file a reply. First, the Court finds that Hall misstates the clear terms of the parties' stipulation. Hall claims that the stipulation permitted her to move to file a reply if Defendants raised new arguments in their opposition brief. ECF No. 138 at 2. However, the stipulation submitted by the Parties only states that "the Plaintiff [] agreed to *waive* her right to file a reply brief." ECF No. 111 (emphasis added). The Court's order states that "[p]ursuant to the Parties' stipulation, Plaintiff *shall not* file a reply." ECF No. 114 (emphasis added). As "[p]arties are bound by their stipulations," this fact alone is dispositive of Hall's request. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017).

Further, Hall's argument that she is entitled to a reply brief because the Defendants' evidentiary objections were not raised in their opening brief makes no sense. Defendants had no way of knowing at that juncture what evidentiary issues Hall's later filed brief would present. ECF No. 138 at 2. The first-moving party's only opportunity to respond to the evidentiary issues in its opponent's brief is in the reply brief. *See* Local Rules 7(c) ("Any evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum.").[1] While

---

[1] The Court notes that Defendants also filed a separate motion to strike under Rule 37(c) of the Federal Rules of Civil Procedure three declarations submitted by Hall in support of her motion. ECF No. 139. Defendants argue that they are permitted to file these objections separately because of the ambiguity between L.R. 7-3(a), which requires all evidentiary and procedural objections to be contained in an opposition brief, and L.R. 7-8, which requires motions for sanctions to be separately filed. ECF No. 136 at 3 (citing *In re Twitter Inc. Sec. Litig.*, No. 16-cv-05314-JST, 2020 WL 485547, at *1 n.2 (N.D. Cal. Jan. 30, 2020) (acknowledging the ambiguity and considering a motion for sanctions under Rule 37 that was filed separately.)). Hall has already

United States District Court
Northern District of California

Hall may want to respond to the fact that Defendants moved to "exclude virtually all of Plaintiff's evidence" when they had an opportunity to raise evidentiary issues, that is the natural consequence of Hall waiving her opportunity to get the last word. ECF No. 138 at 4.

Finally, the cases Hall cites where courts permit responses to entirely new arguments made in reply are inapposite. *Id.* at 4 (*citing Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Hodges v. Hertz Corp.*, 351 F. Supp. 3d 1227, 1233 (N.D. Cal. 2018)). Hall seeks to reply to evidentiary objections raised in direct response to Hall's own motion and opposition, which is not a new argument in the first instance. *See Defs. of Wildlife v. U.S. Fish,* 2016 WL 4382604, at *10 (N.D. Cal. Aug. 17, 2016) (finding that courts can consider evidence "offered in direct response" to issues raised by the opposition).

## CONCLUSION

For the foregoing reasons, the Court denies the Plaintiff's motion for leave to file a reply brief.

**IT IS SO ORDERED.**

Dated: October 14, 2025

_____
JON S. TIGAR
United States District Judge

---

responded separately to that motion, so Defendants' motion does not provide grounds for Hall to file a summary judge reply. ECF No. 139. The Court will address the motion to strike in a separate order.

3